## William McKowan v. Edward F. Harmon.

1. FENCES—*Rule at Common Law as to Stock.*—By the common law adjoining owners of lands were bound, each to keep his stock on his own land, and neither was bound to fence against the stock of the other.

2. TRESPASS BY ANIMALS—*Division Fences.*—In an action of trespass for damage done by animals, the plaintiff is entitled to recover under the common law rule, unless the defendant is able to show that the rights and obligations of the parties have been changed by an allotment of the division fence, and that the animals entered upon his premises through that part of the fence allotted to plaintiff to keep in repair.

3. APPELLATE COURT PRACTICE—*Where the Abstract Does Not Contain all the Instructions.*—Where the abstract does not contain all the instructions, the court is not bound to take notice of objections made to such as it does contain.

**Memorandum.**—Trespass. In the Circuit Court of Peoria County, on appeal from a justice of the peace; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

ARTHUR KEITHLEY, attorney for appellant.

L. F. MEEK and R. J. COONEY, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee before a justice of the peace to recover damages occasioned by appellant's hogs to a field of growing corn. Appellee recovered before the justice, and appellant having taken an appeal to the Circuit Court the case was twice tried in that court, and on each occasion the jury found in favor of appellee. The last time the verdict was for $40, and judgment was entered for that amount and costs.

Both parties were tenants and occupied adjoining farms which were separated by a hedge fence 160 rods in length. The defendant turned his hogs into a field of oat stubble next to the corn, where the north half of the hedge fence divided the farms, and they went through that part of the hedge into plaintiff's field and did the damage. Six or seven rods of the hedge fence in that part had been burned out for about a year, and the fence had not been repaired and was not fit to turn stock. The defense made to plaintiff's claim was that the hedge fence was a statutory division fence, and that the north half of the fence being the part through which defendant's hogs passed, had been allotted to the plaintiff as his proportion of the fence, and being bound to maintain it he could not recover damage due to its insufficiency. By the common law each of the parties was bound to keep his stock on his own land, and neither was bound to fence against the stock of the other. The plaintiff was entitled to recover by virtue of that rule unless defendant should be able to show that the rights and obligations of the parties had been changed by a division of the hedge fence and an allotment of the north part to plaintiff. McCormick v. Tate, 20 Ill. 334; D'Arcy v. Miller, 86 Ill. 102.

There never was any express agreement between the adjoining proprietors for a division of the fence between them. It was an old hedge, said to have been old in 1875, and the

evidence relied upon to prove a division, was that since that year such trimming and work as had been done on the hedge had been done by the owner of the premises occupied by plaintiff or his tenants on the north half, and by the owner of the premises occupied by defendant or his tenants on the south half. The parties to the suit had occupied the farms about five years, and had trimmed and raked the hedge in that way twice during that time. It seems that no part of the fence had very much care, and none of it was very good. The part that was burned had been gone about a year, and nothing was said or done about repair. While we think that the facts shown might have justified an inference on the part of the jury that the fence had been established as a division fence by acquiescence of the owners, yet the evidence is not so satisfactory and conclusive as to authorize us to say that the jury were clearly wrong in finding that there had been no division. There have been repeated trials, and we see no reason to expect a different result if another should be allowed.

It is contended that certain instructions given at the instance of plaintiff were erroneous, but if there is any valid objection to any of them, it is of a nature to be remedied by other proper instructions, and as the abstract does not contain all the instructions, we will not notice the objections made. Everything must be contained in the abstract which affects the questions raised.

There are some objections to rulings upon the admission of evidence, but we do not regard any of them as well taken. The judgment will be affirmed.