## JAMES A. FULLENWIDER

### *v.*

## THE SUPREME COUNCIL OF THE ROYAL LEAGUE *et al.*

*Opinion filed June 21, 1899—Rehearing denied October 6, 1899.*

1. BENEFIT SOCIETIES—*what a sufficient reservation of right to change by-laws.* A certificate of membership which provides that the member shall be bound by the laws, rules and regulations then in force or which may thereafter be enacted by the society, sufficiently reserves the right of the society to amend existing by-laws.

2. SAME—*when member has no vested right to have rate of assessment remain unchanged.* A member of a benefit society who agrees in his contract of membership to be bound by all laws, rules and regulations then in force or which may thereafter be enacted, has no vested right to have the rate of assessment fixed by a by-law in force when the contract was entered into, remain unchanged.

3. SAME—*when amendment of by-law is not unreasonable.* An amendment to a by-law of a benefit society which increases the assessment in force when a contract of membership was entered into from $2.62 to $4.52 is not unreasonable, where there is no question of fraud or improper motive on the part of the society.

CARTWRIGHT, C. J., and BOGGS and WILKIN, JJ., dissenting.

*Fullenwider* v. *Supreme Council Royal League,* 73 Ill. App. 321, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

HAMILTON & FULLENWIDER, for appellant.

J. L. CLARK, and KNECHT & BULLARD, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District, seeking to review a judgment of that court affirming a decree entered by the circuit court of Cook county. The complainant in the original bill, the appellant here, was a member of the defendant corporation, which was organized under the statute concerning cor-

porations, approved April 18, 1872. He filed his bill in the circuit court of Cook county, in behalf of himself and such other members similarly situated, against the defendants, praying an injunction to prevent the corporation from putting into force certain amendments to by-law No. 6, containing increased rates of assessment, and from suspending from membership or from forfeiting the benefit certificate of complainant or other members failing to pay the increased assessment; also praying a decree adjudging such amendments to by-law No. 6 unreasonable and void and to have the same set aside, and that the defendant corporation be enjoined from thereafter increasing or attempting to increase the rates of assessments in force at the time the complainant became a member, without his consent, and from collecting any increased assessment from the complainant and others similarly situated, without their consent, and for general relief. A hearing was had upon the bill, answer, exhibits attached to the bill and answer, and affidavits, as on a final hearing, and a decree was entered dismissing the bill for want of equity, at the cost of the complainant.

The complainant alleges that he is the holder of a benefit certificate issued to him by the Supreme Council of the Royal League, as a member of Commercial council, being a subordinate council of said Royal League, bearing date January 2, 1895, for the sum of $4000, for life insurance, in which certificate it is stated, among other things, that it is issued upon evidence received from the subordinate council that he has contributed and is a contributor to the widows' and orphans' benefit fund of the order. The certificate states that upon condition that the statements made in his application for membership, and the representations, agreements, statements and answers contained in the medical examiner's certificate, are made part of the contract, and upon condition that said member complies in the future with the laws, rules and regulations now governing said council and fund or that

may hereafter be enacted by the supreme council to govern said council and fund, all of which are made part of the contract, the Supreme Council of the Royal League promises and binds itself to pay out of the widows' and orphans' benefit fund, to the beneficiary therein named, a sum not exceeding $4000 upon satisfactory proof of death, in accordance with and under the provisions of the laws governing said fund.

When the certificate was issued, by-law No. 6 in force provided that "every person, before becoming a beneficial member, shall pay to the collector the following rates for the widows' and orphans' benefit fund, and the same amount on each assessment thereafter whilst he is a member of the order." The table of rates following provides for payments of assessments of $1.34 at twenty-one years of age to $3.44 at forty-five years of age. Within these extremes of age of twenty-one and forty-five years different assessments were provided for, according to age, and the complainant, who was of the age of thirty-nine at the time his certificate was issued, was required to pay an assessment of $2.62. By the previous by-laws it was provided that an assessment should be due from each beneficiary member on the first day of each calendar month, and a fine could be imposed if not paid during that month. By other provisions, if no assessment was necessary members could be notified that none would be called for, but in cases of emergency an assessment might be levied at any time, payable within thirty days after notice. A full-rate membership was by the constitution declared to be $4000, and in the same instrument the object of the society was declared to be to establish a widows' and orphans' benefit fund, out of which the beneficiary in the certificate was to be paid on the death of the member. By section 1 of article 4 of the constitution of the supreme council, and the by-laws thereunder governing the widows' and orphans' benefit fund, it was ordered that the same should not be altered or amended

except by a three-fourths vote of the membership of the supreme council, and the amendments thereto should be proposed in writing. At the last annual session of the supreme council of the defendant order the by-law containing the table of rates was amended and a new table of rates adopted, applicable to all beneficiary members whose certificates were issued prior to July 1, 1897, and to all thereafter admitted, by which the rate of assessment was materially increased, the rate for members of the same age of complainant, including complainant, being increased from $2.62 to $4.52 for each assessment. By this latter by-law ninety-six per cent of the assessments levied was to be for the benefit of the widows"and orphans' fund and the remaining four per cent was to be for the expenses of management. The complainant paid all assessments levied up to the date of the filing of the bill at the rate mentioned in the table of rates contained in the by-law when his certificate was issued.

It is not contended that the change in the by-laws and table of rates made by the supreme council was not in the manner provided by its constitution, nor is it contended that either fraud or improper motives influenced the action of the council, nor that it was not acting in good faith. The position taken by the complainant is, that the certificate issued to him constitutes a contract between himself and the society by which no assessment can exceed $2.62; that no change of the by-laws and increase of the rates of assessment could be made by the corporation except as to new members; that the change is retroactive in effect, and is therefore unreasonable and void; that the excess of four per cent collected is in the line of the creation of a reserve fund, and that no power exists to assess for the expenses of the management of the widows' and orphans' benefit fund.

Under the act of 1893, in relation to benevolent societies, which is being conformed to by this defendant, it is provided that "a fraternal beneficiary society is hereby

declared to be a corporation or association formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit." It is further provided that each such society shall have a lodge system, with ritualistic form of work and representative form of government, and may make provision for the payment of benefits in case of disability and death, or of either, resulting from either disease, accident or of old age of its members, the payment of such benefit, in all cases, being subject to compliance by the member with the contract, rules and laws of the society. The contract between a beneficiary member and the corporation is not to be construed on merely a part of any proceeding in connection with or in relation to the issuing of a certificate. In construing the contract by the holder of the certificate,—or, rather, that made between the member and the corporation,—the application, the examination by the physician, the constitution and by-laws and the certificate issued are all to be construed together as the contract between the parties. The certificate of membership, in addition to what has been stated herein, provides that the members shall comply in the future with the laws, rules and regulations now governing the council and fund or those that may hereafter be enacted, which are made a part of the contract. It was further expressly provided in the certificate: "These conditions being expressly assented to and complied with, the Supreme Council of the Royal League hereby promises and binds itself to pay," etc. And attached to the certificate was the provision, "I accept this certificate on the conditions named herein," which was signed by the beneficiary member.

The power to enact by-laws for the government of a corporate body is an incident to the existence of a body corporate and is inherent in it. The power to make such changes as may be deemed advisable is a continuous one. Where the contract contains an express provision re-

serving the right to amend or change by-laws it cannot be doubted that the society has the right so to do, and where, in a certificate of membership, it is provided that members shall be bound by the rules and regulations now governing the council and fund or that may thereafter be enacted for such government, and those conditions are assented to and the member accepts the certificate under the conditions provided therein, it is a sufficient reservation of the right in the society to amend or change its by-laws. *Dwinger* v. *Geary*, 113 Ind. 106; *Supreme Lodge* v. *Knight*, 117 id. 489; *Stoher* v. *San Francisco W. F. Society*, 82 Cal. 557; Niblack on Benefit Societies, (2d ed.) secs. 24-28; Bacon on Benefit Societies, (2d ed.) sec. 185; 1 Joyce on Insurance, secs. 188, 189; *Poultney* v. *Bocknow*, 31 Hun, 49; *Fugure* v. *Mutual Society*, 46 Vt. 362; *Supreme Commandery* v. *Ainsworth*, 71 Ala. 449.

It is apparent that the new by-law was adopted in the manner provided for in the laws of the society and was not an unreasonable enactment. It was enacted under a right to amend the by-laws reserved expressly in the contract, and hence it cannot be claimed it in any manner impaired any vested right. The contract requiring compliance with any by-laws that might be thereafter enacted, and the certificate being accepted with such a clause therein, there is no vested right of having the contract in the certificate remain unchanged, because the recognition of the power to make new by-laws is necessarily a recognition of the right to repeal or amend those theretofore made. Whilst courts strongly disfavor any alteration or change in an insurance contract without the assent of the insured, yet where the contract does reserve to the corporation the right, from time to time, to amend its rules or by-laws and binds the assured to compliance with such rules or by-laws, and such provision is expressly assented to in writing by the assured, it can not be said that it would be an extraordinary power to make such change, and such a contract would not meet

with disfavor from the courts. *Becker* v. *Farmers' Mutual Ins. Co.* 11 Ins. L. J. 595; *Hobbs* v. *Iowa Mutual Benefit Ass.* 20 id. 434; *Supreme Commandery* v. *Ainsworth, supra.*

We are of opinion there was power in the society to change the by-laws as provided, and that the defendant accepted his certificate with full knowledge of the reservation of such power in the society and assented thereto.

The judgment of the Appellate Court affirming the decree of the circuit court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS and WILKIN, JJ., dissenting.