## Central Railway Co. v. Addie Knowles.

1. STREET CARS—*Duty of Servants in the Management of.*—Where a street car suddenly stops and backs up, there should be some one on the rear to look out for travelers on the street.

2. SAME—*Negligence in the Management of.*—Where, after a street car passed plaintiff driving a wagon, she turned to cross the street behind the car, and it stopped and reversed its motion, and struck the wagon, and knocked plaintiff from the wagon and injured her, *held,* no negligence was attributable to her in not looking to see if the car was backing, nor in failing to hear and understand signals between the conductor and the motorman relative to backing the car.

3. APPELLATE COURT PRACTICE—*Instructions Not Set Out in the Abstract.*—Where given instructions are not set out in the abstract, the refusal of instructions will not be considered.

4. INSTRUCTIONS—*As to the Performance of His Duties by a Street Car Conductor.*—Under the facts in this case, an instruction is properly refused which stated that if the conductor saw plaintiff was out of the way of danger before he gave the signal to back the street car, he had the right to rely upon her avoiding danger, and that he had no further duty to perform, and that it was as much plaintiff's duty to keep out of danger as of the conductor to operate the car in a prudent manner.

5. EXCESSIVE DAMAGES—*When the Amount Can Not be Questioned on Appeal.*—Where the motion for a new trial did not assign excessive damages as a reason therefor, the amount awarded can not be questioned on appeal.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

I. C. PINKNEY, attorney for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant operates a street railway along certain streets of the city of Peoria. Appellee was injured in a collision with a street car operated by appellant, and brought this suit against appellant to recover damages for her injuries. She filed a declaration adapted to the case made by the proofs, and defendant pleaded not guilty. She recovered a verdict and a judgment for $2,500, and this is an appeal therefrom.

Appellant's main contention is that the evidence did not warrant a verdict for appellee. Appellee's husband kept a market garden, and appellee drove a one horse market wagon into the city and delivered vegetables at the houses of their customers. She had been engaged in this business four years. On November 14, 1899, she was driving south on Adams street, by the side of appellant's street car tracks, and was sitting upon a high seat on the market wagon. A little ahead of her was Chestnut street, crossing Adams street at right angles. Appellant had two lines from that point, one line continuing along Adams street and the other turning east on Chestnut. The Main street cars turned on

to Adams street several streets further north, passed along Adams to Chestnut, and then turned down Chestnut. There was a switch at the junction of Adams and Chestnut streets, and when a Main street car came along Adams street and wished to turn down Chestnut street, it was necessary for the motorman to stop or nearly stop his car, and turn the switch, if not already turned. A Main street car passed appellee going south, a short distance north of this switch. After it passed her she turned to drive across to the other side of the street. The motorman failed to turn the switch, and ran a few feet by. It became necessary to back the car to the switch. According to the testimony for appellant he rang three bells over the head of the conductor, who was stationed on the rear of the car. The object was to inform the conductor it was necessary to back up. The conductor looked back. This was just after the car had passed appellee, and she had not yet started to turn across the street. He saw her on her wagon by the side of the track. He looked away from her, and rang three bells over the head of the motorman, which was a signal to him to back up. The motorman started the car backward, and it moved back several feet, the precise number being variously estimated by different witnesses. After the car began running backward the conductor turned and looked back upon the track and saw appellee crossing the track in her wagon. He testifies he immediately rang one bell as a signal to the motorman to stop. The motorman, also a witness for appellant, testifies the signal was not given till after the car had struck the wagon and he had stopped; that the car was standing still when the signal to stop was given. Appellee testified she did not hear the ringing of the six bells; that she had not noticed this was a Main street car, and did not know it was going to back up, but supposed it was going on along Adams street, and did not notice that the car was backing till her horse was on the track, and then it was too late for her to back up, but she endeavored to urge her horse so as to get across. The wagon was struck by the car and she was thrown from her high seat to the ground and injured.

Appellant argues that this proof shows its servants were not negligent and that appellee was negligent. We do not so understand the proof. There is nothing to show appellee knew or ought to have known the car was going to back up. She says she did not hear the bells, and a bystander on the street also did not hear them. If she had heard them there is nothing to show she should have known they were signals to back up, or that they concerned her in any way, after the car had passed her. They were signals between the motorman and the conductor; from the motorman to advise the conductor he wished to go back, and from the conductor to advise the motorman the track was clear for him to go back. They were not designed to warn the public of danger. When a car thus suddenly stops and backs, there should be some one on the rear end to look out for travelers. (Croswell on Electricity, section 743.) The conductor was there, but appellee's evidence is that when she first saw that the car was backing, the conductor's back was toward her, and she is corroborated by the testimony of the conductor, who says that after giving the signal to back he turned around and saw appellee driving across the track, showing he had been facing the other way. It is clear to us the jury were warranted in finding the servants of appellant were negligent in backing the car without a lookout kept in the direction the car was then moving, and without the means to instantly stop the car if any one ignorant it was backing came upon the track behind it. We also think no negligence is attributable to appellee in not looking to see if the car was backing before driving upon the track after the car had passed her. The common course of street cars is forward and not backward, and she would naturally suppose she had no further occasion to watch the car after it passed, till her attention was in some way drawn to the fact its course was reversed. If appellee had driven in front of the car as it came along the street, or had seen it backing and had then driven upon the track behind, a different question would be presented.

The court did not err in refusing appellant's motion to

Central Railway Co. v. Knowles.

exclude the evidence, with its accompanying instruction to find defendant not guilty, both for the reasons above stated and also because the bill of exceptions shows this motion and instructions were submitted with other instructions for defendant. (C. P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330.) Complaint is made of the refusal of another instruction offered by defendant. The abstract shows that instructions were given for each party, but none of them are set out. The abstract must show the action of the court was erroneous. Where the given instructions are not set out the refusal of instructions will not be considered, but it will be assumed the given instructions contained all proper statements of the law embodied in the refused instructions. (Roodhouse v. Christian, 158 Ill. 137; McKowan v. Harmon, 56 Ill. App. 368.) The presumption is the court below ruled correctly till the contrary appears, and the court is not required to repeat a correct proposition of law, but having once given it, may refuse an instruction which is a repetition. But we have examined the refused instruction and think the court ruled properly. It tells the jury that if the conductor saw the appellee was out of the way of danger before he gave the signal, he had the right to rely upon appellee's avoiding danger. This is not the law in this case, because appellee did not know the car was going to back up, or that there was any danger to avoid. The instruction also in effect says the conductor had no further duties to perform after he had given the signal to back up. It also says it was the duty of the appellee to keep out of danger, and that her duty in that respect was as great as that of the conductor to operate the cars in a prudent manner. In all these respects it was incorrect as applied to the proofs in this case.

It is argued the damages awarded are excessive. This was not assigned as a reason for a new trial, and therefore can not be raised here. Nor is that question raised by the assignments of error.

The judgment is therefore affirmed.