## Supreme Court of Honor v. A. P. Turner.

1. ACCIDENT INSURANCE—*What Constitutes the Loss of a Hand.*— Under a by-law of an accident insurance company providing that "if a member loses a hand or foot by accident he shall receive one-fourth of his certificate of membership in cash and the other three-fourths at his death," to constitute the loss of a hand it is not necessary that it should be severed from the arm. It is lost within the meaning of the by-law if it be so badly injured that it can not perform the functions intended for it.

**Assumpsit,** on a policy of accident insurance. Appeal from the Circuit Court of Shelby County; the Hon. WILLIAM M. FARMER. Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

WILLIAM B. RISSE and CHAFEE & CHEW, attorneys for appellant.

W. H. KELLEY and J. C. & W. B. McBRIDE, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee became a member of the Supreme Court of Honor and took from it a certificate of insurance providing for the payment of $2,000 at his death to his wife, or to him if disabled, "such an amount as is provided by the laws and regulations governing such cases." Some two or three years afterward, he accidentally shot himself, the contents of the gun passing through the palm of his left hand and most seriously crippling it.

The section of the by-law of the society applicable to his case, reads as follows:

"If a member loses a hand or foot by accident, he shall receive one-fourth of the amount of his certificate of membership in cash and the other three-fourths at his death." He brought suit upon his certificate, claiming $500 by virtue of that section, and recovered judgment for that amount.

Appellant contends that the judgment should be reversed because the evidence does not show a total and complete loss of the use of appellee's hand. It is insisted that to entitle a member to recover under a certificate like appellee's, the loss of the use of the hand must be as complete as it would be were the hand amputated. We can not adopt a construction so narrow. To constitute the loss of a hand within the meaning of the certificate of insurance, it is not necessary that the hand be severed from the arm. It is lost if it be so badly injured that it can not perform the functions intended for it.

The testimony shows that a gun load of shot passed through the palm of appellee's hand, coming out at the back of the hand; that the muscles of the thumb were torn away; that the abductor muscles were injured; that the

nerves were badly torn; that three fingers were paralyzed and that appellee has no practical use of the hand for laboring purposes. Within the meaning of the policy, his hand was lost.

Complaint is made of the action of the court in refusing certain instructions offered by appellant and in modifying others. But we shall not consider them because all the instructions are not printed in the abstract. If a litigant desires to have an alleged error in refusing instructions considered, he should embody all the given ones in his abstract, so that the court may see that the principles involved in those refused are not contained in others given. McKowan v. Harmon, 56 Ill. App. 368; Mayer v. Lawrence, 58 Ill. App. 194. Judgment affirmed.