# Fred Theorell v. Supreme Court of Honor of Springfield, Illinois.

## Gen. No. 4,379.

1. Benefits—*when member entitled to.* Under a by-law as follows : " If a member lose both feet, both hands or both eyes, thereby becoming totally disabled," a member need not have actually had both feet or both legs severed from his body in order to recover; it is enough if they be so badly injured that they cannot perform the functions intended for them.

2. By-laws—*when member bound by.* Where a member of a fraternal benefit society expressly agrees to be bound by by-laws subsequently enacted by the society, he is concluded thereby unless they are unreasonable.

3. New trial—*when, essential.* Where in an action upon a benefit certificate the action of the court in directing a verdict is held erroneous, yet an affirmance will not be awarded even though it appears that the trial court improperly sustained a demurrer to a special plea of the appellee, inasmuch as the plaintiff is entitled to traverse such special plea and put the defendant upon proof of its truth.

Action of assumpsit. Appeal from the Circuit Court of Will County; the Hon. Robert W. Hilscher, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

C. E. Antram, for appellant.

William B. Risse and J. W. Downey, for appellee.

Mr. Presiding Justice Farmer delivered the opinion of the court.

Appellant is the holder of a benefit certificate issued to him by appellee under date of September 11, 1899. The certificate provided for the payment of $2,000 to his beneficiaries in case of appellant's death while in good standing, or if he was disabled, to pay him " such an amount as is provided by the laws, rules and regulations governing such cases, subject to the following conditions : This certificate was issued and made a liability upon the order to the persons named within, upon the expressed conditions that the insured shall comply with the constitution, laws, rules

and regulations of the order, and constitution and by-laws of the district courts in force, or that may be in force hereafter." In the application upon which this certificate was issued, appellant made the following statement: " I agree to make punctual payment of all dues and assessments for which I may become liable, and to conform in all respects to the constitution, laws, rules and usages of this order now in force, or which may hereafter be adopted by the supreme court thereof." At the time the certificate was issued and ever since, appellee's constitution has contained a provision that its articles of association or constitution might be amended by a two-thirds vote at any session of the supreme body.

Appellant is a carpenter, and in May, 1901, while working at his trade, fell from an elevated position and dislocated his neck at the junction of the fourth and fifth cervical vertebræ, resulting in paralysis of his lower limbs, and, as he claims, totally depriving him of their use. His head is required to be supported by what is called a jury-mast and the doctors say its sudden removal would probably result in instant death. He also has to wear a steel jacket and is unable to stand without support. He is able to move about with the use of crutches, and while his limbs have not shrunken to any great extent he says they are practically void of sensation and unable to support him. His contention is that he has lost the use of both feet. The evidence shows him to be in a very wretched condition, without hope of recovery, according to the medical testimony.

At the time the certificate was issued to appellant, the laws of appellee in force with reference to disability benefits were as follows:

" Section 1. If a member loses a foot or hand by accident he shall receive one-fourth of the amount of his certificate of membership in cash and the other three-fourths at death.

" Section 2. If a member loses both feet, both hands or both eyes, thereby becoming totally disabled by accident, he shall receive one-half of his certificate of membership in cash and the other one-half at death."

Appellant brought this suit claiming the right to recover $1,000 under section 2 above quoted, on the ground that he has lost both feet and become totally disabled within the meaning of that section. At the May term, 1902, of the Circuit Court, appellee pleaded the general issue and also a special plea. The special plea set out the statements and agreements of appellant with reference to complying with, and conforming to the laws of appellee then in force or thereafter to be adopted which we have hereinbefore quoted, and averred that in May, 1900, appellee changed the laws concerning disability benefits that were in force when this certificate was issued to appellant, by the adoption of the following :

" Section 106. If a benefit member loses a foot or a hand by accident, resulting in amputation or severance at or above the ankle or wrist, he shall receive one-fourth of the amount of his certificate of membership in cash, and the other three-fourths at death.

" Section 107. If a benefit member loses both eyes by accident, thereby becoming totally and permanently disabled, or both feet or both hands by accident, resulting in amputation or severance at or above the ankle or wrist, thereby becoming totally and permanently disabled, he shall receive one-half of his certificate of membership in cash, and the other one-half at death."

The plea avers that these laws were in force before and at the time appellant was injured; that his injury did not result in an amputation or severance of either foot above the ankle, and that there was no liability resting on appellee to pay appellant anything. At the January term, 1903, a demurrer to the special plea was sustained. At the September term following, appellee, by leave of court, filed another special plea which was in substance the same as the one before referred to. A demurrer was interposed by appellant to this amended special plea and sustained by the court, to which ruling appellee excepted. At the January term, 1904, the cause was tried with a jury, and at the conclusion of plaintiff's evidence the court directed a verdict for defendant, and plaintiff appeals.

We are of opinion the action of the court in directing a

verdict was erroneous.   The effect of the court's ruling in sustaining the demurrer to the special plea was to deny appellee the right to interpose the defense that the laws concerning disability benefits adopted in 1900 exempted it from liability.   The court also refused to allow defendant to offer in evidence the laws adopted in 1900 on the ground that they were incompetent under the general issue. The only evidence, then, that was heard on the subject of when appellee is liable for disability benefits, was the law in force at the time the certificate was issued and which we have before quoted in full.   It will be observed that by section 2, appellee is made liable for one-half of the amount named in the benefit certificate "if a member lose both feet, both hands or both eyes, thereby becoming totally disabled."   Amputation is not mentioned in this by-law, and appellant contends that within the meaning of that provision and the interpretation put upon it by the courts, he had lost both feet and was entitled to recover one-half the amount of the certificate.   The question arising upon the construction to be placed upon section 1 was before the Appellate Court for the Third District in Supreme Court of Honor v. Turner, 99 Ill. App. 310.   It was there said: " To constitute the loss of a hand within the meaning of the certificate of insurance, it is not necessary that the hand be severed from the arm.   It is lost if it be so badly injured that it cannot perform the functions intended for it."   While we do not express any opinion as to whether the evidence was sufficient to sustain a verdict, still, in view of the testimony in this case and the interpretation put upon appellee's by-law in the Turner case, we are of opinion the court should not have directed a verdict.

Appellee has, by the assignment of cross-errors, brought before us for review the action of the court in sustaining the demurrer to the special plea.   We are of opinion the plea was good, and that if the facts averred therein are true, it would constitute a complete bar to a recovery.   Similar questions have been before our Supreme Court a number of times, and to our minds the decisions sustain the plea.

Theorell v. Supreme Court of Honor.

It is probably true, that in the absence of an agreement by
the insured to comply with, and be bound by by-laws of
the society to be adopted in future, it could not by subse-
quent by-laws alter or change the terms of the contract, so
as materially to change the rights of the insured and the
liabilities of the society. Where, however, the parties spe-
cially agree that a society reserves the right to alter and
amend its by-laws, and that the holder of the certificate is to
be bound by the by-laws and rules then in force or that may
thereafter be adopted, such an agreement is valid and bind-
ing, unless the subsequent changes and alterations can be
deemed unreasonable, and the by-law involved in this case
we think cannot be said to be unreasonable. In Fullen-
weider v. Royal League, 180 Ill. 621, the Supreme Court
say : " Where a contract contains an express provision
reserving the right to amend or change by-laws it cannot
be doubted that the society has the right so to do; and
where, in a certificate of membership, it is provided that
members shall be bound by the rules and regulations now
governing the council and fund, or that may thereafter be
enacted for such government, and those conditions are as-
sented to, and the member accepts the certificate under the
conditions provided therein, it is a sufficient reservation of
the right in the society to amend or change its by-laws,"
and a large number of cases are there cited in support of
the position. It is further said in the same case : " The
contract requiring compliance with any by-laws that might
be thereafter enacted, and the certificate being accepted
with such a clause therein, there is no vested right of
having the contract in the certificate remain unchanged,
because the recognition of the power to make new by-laws
is necessarily a recognition of the right to repeal or amend
those theretofore made." In Baldwin v. Begley, 185 Ill.
180, it was said : " A party cannot claim the right to have
a contract remain unaltered when the contract itself pro-
vides that it may be changed." In the application for the
certificate appellant agreed " to conform in all respects to
the constitution, laws, rules and usages of the order in force

or which may hereafter be adopted by the supreme court thereof," and the certificate was "issued and made a liability upon the order to the person named within the express conditions that the insured shall comply with the constitution, laws, rules and regulations of the order, and constitution and by-laws of the district courts in force, or that may be in force hereafter."

Under the repeated decisions of the Supreme Court of this state and other jurisdictions, we interpret these provisions to authorize appellee to change the contract, even though it affects the rights of the parties as they existed at the time of its execution, by the adoption of reasonable by-laws, and that appellant would be bound thereby. Baldwin v. Begley, *supra;* Fullenweider v. Royal League, *supra;* Supreme Lodge K. of P. v. Kutscher, 179 Ill. 340; Same v. Trebbe, *Ibid.* 348; Covenant Mutual Life Association v. Kentner, 188 Ill. 431; Supreme Com. Knights Golden Rule v. Ainsworth, 71 Ala. 436; Evans v. Southern Tier M. R. Assn., 76 App. Div. N. Y. 151; Shipman v. Protected Home Circle, 174 N. Y. 398; McCabe v. Father Mathew Society, 24 Hun, 149; Poultney v. Bachman, 31 Hun, 49; St. Patrick's M. B. Soc'y v. McVey, 92 Pa. St. 510; Sup. Lodge K. of P. v. Knight, 117 Ind. 497; Supreme Lodge K. of P. v. LaMalta, 95 Tenn. 157.

In some of these cases it will be found that the language used by the parties, which the court held bound the insured by the adoption of subsequent by-laws, was very similar to the language used in this case. Such by-laws must, of course, be reasonable. The law will not allow such societies to arbitrarily invade the certificate holder's right and pass by-laws, the effect of which would be to defeat the object and purpose of the society; but they must necessarily have the right to pass reasonable by-laws for their government, and to change them when circumstances require such change for the common good. "It is essential to their existence that, with varying circumstances and with greater demands for death losses, the rates should be changed as well as the mode of payment of death claims." Evans v. Southern Tier M. R. Assn., *supra.*

Appellee asks that we affirm the judgment if the court shall be of opinion that its special plea set up a good defense, and that the court erred in sustaining a demurrer to it. This we cannot do, because appellant has a right to traverse the plea, and if he does so, proof would be required to establish the passage of the by-laws set out therein.

The judgment is reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer to appellee's special plea.

*Reversed and remanded.*

Mr. Justice DIBELL passed upon the demurrer to the first special plea covered by the first cross-error assigned, and therefore took no part in the consideration of the case in this court.