Sallie D. Pierce, Defendant in Error, v. The Bankers'
Union of the World, Plaintiff in Error.

Gen. No. 13,756.

FRATERNAL BENEFIT SOCIETIES—*when by-laws binding upon mem-
bers.* By-laws increasing premium rates are valid and binding
upon members of a fraternal benefit society who have agreed to be
bound by future by-laws.

Assumpsit. Error to the Municipal Court of Chicago; the Hon.
THOMAS B. LANTRY, Judge, presiding. Heard in this court at the
October term, 1907. Reversed and judgment here. Opinion filed
April 6, 1908.

Statement by the Court. It is stipulated between
the parties that the following was the application for
membership in The Bankers' Union of the World of

Martin L. Shoffner, who departed this life March 16, 1906:

"To the members of Newbern Council No..............., located at Newbern, State of Tenn. I hereby make application for membership in your order, and participation in its beneficiary fund to the amount of ..............., or such amount as the chief surgeon may approve of. It is agreed that all of the provisions of the constitution and laws of the order, now existing or hereafter adopted, shall form a part of the certificate issued, whether printed on or referred to in such certificate or not."

In pursuance of this application The Bankers' Union of the World, July 25, 1901, executed a certificate of membership in the association, which was delivered to Martin L. Shoffner August 1, 1901. The certificate contains the following provisions:

"That upon receipt by the Supreme Lodge at its office in the city of Omaha, Nebraska, of satisfactory proofs of the death of said member, and within sixty days thereafter, there will be paid to the beneficiary herein, Sallie L. Pierce, related to the said member as daughter, if then living; otherwise, to the legal heirs of the said member upon delivery of this certificate, the sum of $1,000. That upon receipt of satisfactory proofs thereof, and within sixty days thereafter, the Supreme Lodge will pay to the said member, if entitled thereto, such additional benefits as are recited at length on the reverse side hereof.

"The payment of all benefits under this policy shall be governed by the provisions of the laws pertaining to this class of policies, which provisions together with the statements made by the insured in the application for membership, and the statements certified by the insured to the Medical Examiner, are hereby made a part of this contract.

"This policy is issued to and accepted by the holder hereof upon the terms, and subject to the conditions set forth in the Constitution and By-Laws of this Union, and subject to the conditions and stipulations on the reverse side hereof, all of which are hereby made a part

of this contract, as fully as if they were recited at length over the signatures hereto affixed.''

Then follows a table of years running consecutively from "first year" to "twenty-first year," both inclusive, and under "fifth year" is "$133.''

A copy of the by-laws of 1901 of the association was put in evidence by stipulation, section D of which is as follows:

''Sec. D. Reserve Fund—For the purpose of creating a reserve fund, to guard against poor risks, protect healthy members, equalize the cost to all, and absolutely insure the perpetuity of the Union, all insurance in the Bankers' Union of the World will be adjusted and paid on the following plan: Should any member holding a policy die before having lived out his expectancy of life based on his age at entry according to the American Experience Table of Mortality, there shall be deducted from the death benefit payable under such policy held by said member a sum equal to the amount of one payment (at the rate paid by the member) for each month of the unexpired period of such life expectancy, with four per cent. on the unpaid balance of such sum.''

The by-laws marked 1904 of the association were also put in evidence, by stipulation, section D of which is as follows:

''Sec. D. Reserve Fund—For the purpose of creating a reserve fund, to guard against poor risks, protect healthy members, equalize the cost to all, and absolutely insure the perpetuity of the Union, all policies in The Bankers' Union of the World will be adjusted and paid on the following plan: Should any member holding a policy die before having lived out his expectancy of life based on his age at entry according to the American Experience Table of Mortality, there shall be deducted from the death benefit payable under such policy held by said member a sum equal to the monthly premium for each month of his life expectancy at the rate provided in the table herein for his age at entry under said policy with interest from date of policy

to date of death at two and one-half per cent. per annum, less the amounts paid into the Mortuary Fund of The Bankers' Union of the World by said member, together with accumulated interest on the same for the period of his membership under said policy at two and one-half per cent. per annum.''

It was stipulated that this by-law was in force from and after May, 1902, and at the time of the death of Martin L. Shoffner.

The following stipulation was made between the parties and read in evidence:

''It is stipulated in the record in open court that it appears from said constitution and by-laws respectively that:

'' 'The amount of one payment (at the rate paid by the member),' mentioned and referred to in Sec. D, Division IX, of said Constitution of 1901, as the amount per month to be deducted from the face of the policy, was and is the sum and amount of one dollar and eighty-four cents ($1.84), and that 'the monthly premium for each month of his life expectancy at the rate provided in the table herein for his age at entry under said policy,' mentioned in Sec. D, Division IX, of the Constitution, and in Sec. 6, Division VI, of the By-Laws, both of 1904, as the amount per month to be deducted from the face of the policy, was and is the sum and amount of two dollars and sixty cents ($2.60).''

The following was also stipulated and read in evidence:

''That the policy sued on and its execution is admitted; that all premiums and installments are paid, and that plaintiff is the beneficiary and entitled to sue as such: that life expectancy of Martin L. Shoffner was 18.79 years; that, if the policy is governed by conditions on its face and constitution and by-laws of 1901, then there is due plaintiff $859; if policy is governed by conditions on its face and by-laws of 1904, there is due plaintiff $345.82.''

The cause was heard by the court, without a jury, and the court found for the plaintiff and assessed her dam-

ages at $859, and after overruling motions of the defendant for a new trial and in arrest of judgment, rendered judgment on the finding, holding, as counsel for the defendant says, and as counsel for plaintiff contend, that section D adopted by the association in May, 1902, is unreasonable and void.

JOHN W. BURDETTE, for plaintiff in error.

SEITZ, BRYAN & WILBER, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for plaintiff, defendant in error here, concede that the by-law, section D, in force May, 1902, and at the time of the death of Martin L. Shoffner, is a part of his contract if reasonable, and that the plaintiff, as beneficiary of the deceased, had no vested interest in the certificate of membership prior to the death of Shoffner. But counsel contend that the by-law of May, 1902, by which, if it controls, the plaintiff can only recover $345.82, is unreasonable, and argue that by that by-law, if the deceased had lived out his life expectancy, 18.79 years or 225½ months, his beneficiary, after deducting the amount of premiums he would have had to pay, and 2½ per cent. interest thereon, from $1,000, as provided by the by-law, would receive only $149.87, and that the longer a member lives, the more he pays in and the less his beneficiary receives. From this counsel deduce the conclusions that the by-law is unreasonable. We cannot concur in this view. For aught appearing in the record, it may have been necessary to the continued existence of the association, to increase the monthly premiums, and therefore for the benefit of all the members.

In Fullenwider v. Royal League, 180 Ill. 621, in which case the contract of the member included future by-laws, it was held not unreasonable to increase the rates. See, also, 1 Bacon on Benefit Societies, 3rd ed., par. 185, and cases cited, par. 189, and note 1, p. 373.

When one procures insurance on his life for a certain sum in an ordinary insurance company, agreeing to pay yearly a certain fixed premium while he lives, the longer he lives the less becomes the remainder ascertained by deducting the total of premiums paid from the sum insured, and it sometimes occurs that the insured at the time of his death has paid more in premiums than the sum insured. The by-laws of 1904, including section D, adopted by the Bankers' Union of the World in May, 1902, are part of the contract of the deceased, and are to be considered as if set out in his certificate of membership, he having agreed in his application that they should "form a part of the certificate."

This agreement was binding on the deceased and is binding on the plaintiff, his beneficiary. Baldwin v. Begley, 185 Ill. 180, 183, 190; Scow v. Royal League, 223 *ib.* 32, 36; Murphy v. Nowak, *ib.* 301, 313.

The deceased recognized the by-law of 1902 as binding on him and acquiesced in it, by acting in conformity with it. By stipulations read in evidence, it appears that the by-law of 1902 raised the monthly premiums or rates of the deceased from $1.84 to $2.60, and at the time of his death, March 6, 1906, he had paid all premiums and installments.

The judgment will be reversed and judgment will be entered here that Sallie D. Pierce, the defendant in error, recover from The Bankers' Union of the World, defendant in error, the sum of $345.82, with interest at the rate of five per cent. per annum from April 22, 1907, the date of the judgment in the trial court, and her costs in the trial court, and that plaintiff in error recover its costs of this court.

*Reversed and judgment here.*