434     APPELLATE COURTS OF ILLINOIS.

Pride v. Switchmen's Union of North America, 178 Ill. App. 434.

## James F. Pride, Plaintiff in Error, v. Switchmen's Union of North America, Defendant in Error.

### Gen. No. 18,059.

1. FRATERNAL BENEFIT SOCIETIES—*where application becomes a part of certificate.* Where an application for insurance is referred to in the policy or certificate and made a part thereof, it must be read into the contract of insurance, and the conditions of the application are binding upon the beneficiary.

2. FRATERNAL BENEFIT SOCIETIES—*where member is bound by after-enacted by-laws.* A member of a fraternal beneficiary society is bound by by-laws afterwards enacted where his application for insurance which is made a part of the contract so provides.

3. FRATERNAL BENEFIT SOCIETIES—*change in by-laws.* Where defendant beneficiary society changes its by-laws providing payment for total disability in case of "any physical disability that may permanently disqualify a member from performing the duties of a switchman," so that indemnity is provided only in case of loss of a greater part of the hand or foot, total blindness or total deafness, and eliminates all other causes of total disability, such a change is not unreasonable with reference to plaintiff who became a member before the change and sues to recover indemnity under the former provision for injuries sustained after the change.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

P. S. WEBSTER, for plaintiff in error.

EDMUND S. CUMMINGS, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error, hereinafter called defendant, is an organization of switchmen, having for its object, among other things, the protection and relief of its members in case of disability as defined by the laws and rules of the order, or their beneficiaries in case of death. The defendant issued to James F. Pride, appellant, hereinafter called plaintiff, a certificate in

which it promised to pay $1,200 in case of total disability as defined by the laws, rules and regulations of the society, or a like amount to his wife in case of his death. The certificate was issued upon Pride's application which provided "that all statements and answers contained in this appliction for membership, and all statements and answers made to the medical examiner shall, together with the laws governing the Switchmen's Union of North America now in force or which may be legally adopted hereafter, be the basis and form a part of the contract between myself and the Switchmen's Union."

In September, 1906, the plaintiff, while in good standing in the organization, and while performing his duties as a switchman, received a serious injury to his right knee in getting on a car. This injury grew gradually worse; the knee was operated on; tuberculosis developed; the injury increased, and thereby he finally, on or about February 20, 1909, became permanently disabled from performing his duties as a switchman.

When the plaintiff joined the order, sec. 16, art. 8 of the constitution of 1901 was in force. It provided payment for total disability for, 1st, loss of greater part of hand; 2nd, loss of foot; 3rd, total blindness; 4th, total deafness; and 5th, "any physical disability that may permanently disqualify a member from performing the duties of a switchman."

After plaintiff joined the order and accepted the certificate, but before the injury and consequent disability occurred, the defendant, by an amended by-law, eliminated the clause last quoted from its constitution and by-laws and adopted in place thereof the following:

"Sec. 105. A member becoming totally blind, totally deaf, or suffering by means of a physical separation, the loss of four fingers of one hand, at or above the third joint, or of three fingers and thumb of one hand at or above the third joint, or the loss of one foot, at or above the instep (provided the above amputation occurs after he became a member of the bene-

436    APPELLATE COURTS OF ILLINOIS.

Pride v. Switchmen's Union of North America, 178 Ill. App. 434.

ficiary department), shall be considered totally and permanently disabled, and shall receive the full amount of his beneficiary certificate, less the amount for obtaining proofs of disability, if any, and no other disability claims shall be allowed.''

Plaintiff brought an action in the Municipal Court of the city of Chicago against defendant upon the certificate, and the statement of claim relied upon the force and effect of sec. 16, art. 8 of defendant's constitution and by-laws in force at the time when the certificate was issued. The defendant, by its affidavit of defense, set up the application signed by Pride at the time he sought membership, containing the provision above quoted, and that prior to the time plaintiff's alleged injury occurred, the defendant had duly amended its by-laws by adopting the above quoted section 105, and that thereupon section 16 of article 8 ceased to be in force, and section 105 was in force at the time the plaintiff received his alleged injury. The cause was tried before the court without a jury, resulting in a finding and judgment for the defendant. There was little or no dispute as to the facts. Plaintiff made no contention that his physical disabilities brought him within the provisions of the laws of the society in force at the time he received his physical disabilities. His contention before the lower court and here is that the laws in force at the time he joined the order and when the benefit certificate sued on was issued to him, were binding upon the defendant society at the time his injuries were received.

The question then is, which by-law governs Pride, the plaintiff—the one in force when he took his insurance, or the subsequently enacted law?

It is argued that the subsequently enacted by-law, by taking the place of sec. 16, art. 8 of the constitution of 1901, in force when the plaintiff joined the defendant order, eliminated the principal and most valuable provision of said sec. 16, for it purported to take from him the most valuable part of his contract;

that engaged, as he was, in the hazardous occupation of switchman, and induced by the promise of "Benevolence, Hope and Protection," he took his certificate and paid all his dues and assessments, only to learn when misfortune, accident and adversity had overtaken him, that he had been arbitrarily deprived of the indemnity which he had purchased. It is further urged that the change in the indemnity contract was unreasonable, in that it provided indemnity only in case of loss of a greater part of the hand or foot, total blindness or total deafness, and eliminated all other causes of total disability, and thus materially lessened the value of the certificate by eliminating an essential element of the contract.

It is well settled in this state by numerous decisions that if the application for insurance is referred to in the policy or certificate and made a part thereof, it must be read into the contract of insurance and the conditions of the application are binding upon the beneficiaries named in the policy; and that a member of a fraternal beneficiary society is bound by after-enacted by-laws, where the contract between himself and the society provides that he shall be so bound. Theorell v. Supreme Court of Honor, 115 Ill. App. 313; Supreme Lodge Knights of Pythias v. Kutscher, 179 Ill. 340; Fullenwider v. Royal League, 180 Ill. 621; Baldwin v. Begley, 185 Ill. 180; Scow v. Royal League, 223 Ill. 32; Royal Arcanum v. McKnight, 238 Ill. 349. The question then remains as to the reasonableness of the amendment. In our opinion, the subsequently enacted by-law cannot be held to be unreasonable under the above cited authorities. The judgment of the Municipal Court is affirmed.

*Affirmed.*