## No. 13,477.

### WOODMEN OF THE WORLD v. LAMSON.
(47 P. [2d] 399)

Decided June 24, 1935.   Rehearing denied July 15, 1935.

Mr. JOHN L. SCHWEIGERT, Mr. HYMAN D. LANDY, for plaintiff in error.

Mr. FRED S. CALDWELL, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE complaint of Lamson, a member of defendant corporation, which is in the nature of one for money had and received, seeks a recovery from the defendant of monthly payments made by him to the defendant, a fraternal benefit society, under his benefit certificate as a member thereof, which payments were, as he says, unlawfully exacted. A number of incidental or subordinate questions are discussed, but the important question for decision is whether multiple assessments may be made upon its members by the defendant.

The defendant Woodmen organization, assuming that it had such power, levied and made an assessment upon its members, including plaintiff, in addition to the regular monthly assessments specified and fixed by the membership contract. This action seeks to recover the difference between the increased amount which plaintiff had theretofore paid and the amount which by his original membership contract he was required to pay, or, as stated by counsel for plaintiff, he was required by his membership contract to pay less than the actual increased amount he had paid, and which the organization required him to pay in order to preserve his membership rights, and that he may recover the amount of such excess. An increased assessment was made, as stated, by the organization and the plaintiff Lamson, as a member thereof, had paid to the organization as dues $3.70 a month more than his contract required him to pay.

We do not find it necessary to consider all of the questions raised and presented in the exhaustive arguments of counsel in their briefs, because we think that under the better doctrine of the leading cases the Wood-

men organization has the power under the statutes of this state, under which it was organized, and by its rules and regulations thereunder, to levy these extra assessments if it finds it to be necessary to increase the rates as fixed in the original contract between the society and its members, provided, of course, such assessments are not arbitrary and unreasonable, but only sufficient in amount to enable the society to continue its business and carry out the purpose for which it was organized.

Our examination of the numerous authorities cited discloses that the best reasoned cases upon this question support the action of the organization here in increasing the amount of assessments upon its members. In *Jenkins v. Talbot,* 338 Ill. 441, 170 N. E. 725, is an exhaustive discussion of the precise question involved in the instant case. That case holds that a fraternal benefit society, like the Woodmen of the World, may amend its own by-laws where the certificate of membership provides—as it does in the case now before us—that the members shall be bound by the rules and regulations of the society existing at the time the certificate was issued or thereafter enacted, and the decision in that case specifically held that this rule authorized the action of this society increasing its rates, changing the plan of assessments for the general good, and changing other terms of the contract.

In *Knights of Pythias v. Mims,* 241 U. S. 574, 36 Sup. Ct. 702, in an opinion by Mr. Justice Holmes, it was held that under the charter of the Knights of Pythias giving the right to have by-laws and amend the same, the corporation has power to raise rates to such point as is necessary for it to go, and a member continuing to remain therein is obliged to pay the assessments fixed by the by-laws as amended.

In *Knights of Pythias v. Smyth,* 245 U. S. 595, 38 Sup. Ct. 210, the court reiterated the doctrine of the Mims case and held that under such a state of facts, as are now present in the case before us, the organization possesses this power of increasing rates.

In *Reynolds v. Royal Arcanum,* 192 Mass. 150, 78 N. E. 129, it was held that the Royal Arcanum, an organization similar to that of the Woodmen of the World, had the power, by amendment of its by-laws, to increase the payments made by all members. The opinion states that every member of a corporation or organization at the time of joining it enters into an agreement to conform to and abide by the constitution, laws, rules and usages of the council then in force, or which may thereafter be adopted by it. And speaking to the point involved in the action now before us the Massachusetts opinion further states: "On principle and on the weight of authority we are of opinion that there is nothing in this contract that prevents the corporation from amending its by-laws in a reasonable way, to accomplish the purposes for which it was organized, even though the change increases the payments to be made by certificate holders." That is what the Woodmen of the World in the present case sought to do through the action of its governing officers.

In *Miller v. National Council,* 69 Kas. 234, 76 Pac. 830, in an opinion by Mr. Justice Greene, it was held that a member of an organization such as the Woodmen of the World, where its certificate and by-laws make it apparent that the member agreed to be bound by subsequently enacted by-laws, he is bound by a new law which changes and increases the rate of his monthly assessments, if it be reasonable and necessary to the accomplishment of the purpose of the association.

In the Woodmen case now under consideration there is a provision in its charter and by-laws giving it power to enact by-laws. Acting under a similar order, the Supreme Court of Kansas, as just stated, held valid the action of the fraternal organization involved in that case which increased the monthly rates of its members.

In *Thomas v. Knights of Maccabees,* 85 Wash. 665, 149 Pac. 7, it was held that the action of the fraternal benefit society, the Knights of Maccabees, in raising the assess-

ment rates subsequent to the issuance and acceptance of benefit certificates based on a lesser rate, was authorized on a finding of necessity therefor by the legislative authorities of the society. And the court further held that the doctrine of estoppel cannot be invoked against the society's increasing its assessment rates, by reason of the complaining party having been lured into joining by the provision of its by-laws fixing rates. The court also held that there is no vested right in having a benefit certificate of a mutual fraternal society remain unchanged, for the reason that there can be no vested right in such contract so long as a duty to the other contracting parties rests upon the one asserting it and his duty is unperformed. The opinion in the Washington case is an exhaustive one and the questions involved in that case and the one now before us are substantially the same.

In *Fullenwider v. Royal League,* 180 Ill. 621, 54 N. E. 485, it was held that a certificate of membership in a benefit society which provides that the members shall be bound by the by-laws, rules and regulations then in force or which may thereafter be enacted by the society, sufficiently reserves the right of the society to amend existing by-laws. The court said that an amendment of a by-law of the society which increases the assessment in force when the contract of membership was entered into is not unreasonable, where there is no question of fraud or improper motive on the part of the society.

In the articles of incorporation of defendant it is provided that the association shall have the power to make and adopt a constitution, by-laws, rules and regulations for the government of the association and all subordinate camps for the collection of assessments, fees and dues and may alter, modify and change the constitution, by-laws, rules and regulations at will. There is also a provision that when double or multiple assessments are called for, each benefit member shall pay the proper multiple of the amount required for a single assessment. This presupposes the right to make multiple assessments.

Elsewhere in the provision of its articles of incorporation it is also made clearly to appear that multiple assessments may be made by the organization through the action of its controlling officers. The managing officers of the society in 1927 ascertained and determined that the rates then being paid for the insurance certificates were inadequate and insufficient to meet the accruing obligations of its members. Many members were of advanced age, mortality rates among the members were increasing rapidly and would continue to increase and it had therefore become necessary and imperative that the organization take proper steps to increase the amount of the payments and the rates of its benefit members to prevent financial disaster and protect its future operations.

In *Woodmen v. McCue,* 88 Colo. 209, 294 Pac. 947, it was said, among other things, that the members of such a society may bring suit enjoining the society from enforcing a readjustment and increase of its rates and method of insurance, not made as required by its charter, and that the courts have jurisdiction to hear and determine the same. There is nothing in that opinion, however, that is contrary to our views as expressed in the case now under consideration. In the McCue case the court found that certain proposed amendments of the Woodmen organization, including one increasing rates, had not received the required number of votes and, therefore, were not legally adopted. There is no decision in that case that the Woodmen of the World may not increase its rates. The reasoning and conclusion therein are to the contrary.

The judgment in the case now before us, that defendant has not power to increase its rates, is wrong and is therefore reversed.

Mr. Justice Hilliard and Mr. Justice Bouck not participating.