GEORGE E. MESSER & others *vs.* GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN & others.

Suffolk.   December 9, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice.   Fraternal Beneficiary Association.*

A bill in equity by members of a fraternal beneficiary association against the association, to enjoin the enforcement of certain assessments as illegal, referred to and set forth a copy of by-laws alleged to have been in force nine years before, which did not authorize the assessments complained of.   These by-laws conformed to the statutes then in force.   Recent statutes authorized the adoption of by-laws providing for the assessments in question.   There was no allegation that the by-laws set forth were in force when the bill was filed.   *Held,* that the existence of by-laws under the recent statutes was not negatived, and the case must be considered on the assumption that the corporation might have adopted such by-laws.

Under St. 1899, c. 442, § 15, and St. 1901, c. 422, §§ 5, 11, 15, a fraternal beneficiary association lawfully may adopt by-laws providing for the payment of classified rates for death benefits and for the payment of moneys to the supreme lodge, a foreign corporation, for use in paying death benefits of members of lodges of the same order in other States, without violating any obligation to the holders of certificates issued before the adoption of such by-laws and before the passage of the statutes named.

BILL IN EQUITY by members of a fraternal beneficiary association to enjoin the enforcement of certain assessments, filed October 21, and amended November 26, 1901.

The defendants demurred to the bill as amended, and *Barker,* J., reserved the case for the consideration of the full court, such decree to be entered as justice and equity might require.

*G. W. Anderson,* for the plaintiffs.

*A. E. Pillsbury,* (*J. H. Butler* with him,) for the defendants.

KNOWLTON, J. This is a bill in equity brought by members of the defendant corporation, a fraternal beneficiary association, to enjoin the corporation from collecting assessments from its members at different rates, according to the age of the members, for the purpose of paying death benefits, and also to enjoin the trustees of the corporation from paying moneys to the supreme lodge for use in paying death benefits of members of lodges in other States, belonging to the same order. It comes to this court by reservation on the bill and demurrer. The contention of the plaintiffs is that upon the averments of the bill, the corporation has no legal right to collect assessments at any other than a fixed rate, the same for all members of the order without reference to their age, and that the trustees have no right to make payments to the supreme lodge for the benefit of members of affiliated lodges in other States. The plaintiffs' bill contains this averment: "The corporation adopted constitutions and general laws and by-laws, a copy of which as issued under date of 1892 is hereto annexed and marked A." Assuming that at the time these general laws and by-laws were adopted the corporation had no statutory authority to make classified assessments in the manner now objected to, or to pay over moneys to the supreme lodge, it appears that statutes have since been passed, namely, St. 1899, c. 442, § 15, and St. 1901, c. 422, §§ 5, 11, 15, which give authority to such corporations to do both of these things. Under each of these statutes the question of course remains, whether in the relations of former members to the corporation, there is anything to preclude the corporation, as against them, from availing itself of the larger privileges of the new legislation. To take action for this purpose, it would be necessary for the corporation to amend the general laws or by-laws set out in the bill.

A preliminary question is whether the plaintiffs have set out in the bill that the laws and by-laws now in force do not purport to authorize the proceedings sought to be enjoined. They

certainly have not said so in terms.   They have only set out laws and by-laws which were in force in 1892.   As to whether these laws and by-laws are now in force they say nothing.   In the particulars which are material in this case, these laws and by-laws conform to the statutes then in force.   As statutes have since been passed enlarging the right to make by-laws, it is not improbable that the corporation has acted under them and has amended its by-laws.   To maintain this bill it is incumbent on the plaintiffs to show that the corporation is now without legal authority for its action.   We do not think that an averment that the by-laws in existence nine years ago did not permit such action is equivalent to an averment that the present by-laws leave it unauthorized.   The averments in the sixth and seventh paragraphs of the bill, that the corporation had and has no right to do these things, and that it is acting beyond its corporate powers, are statements of conclusions of law, and they go for nothing unless the conclusions follow from the facts stated. *Lynch* v. *Forbes*, 161 Mass. 302, 310.   *Nye* v: *Storer*, 168 Mass. 53.   On this preliminary question of pleading, the parties are in dispute, but they have anticipated a possible decision on this point in favor of the defendants, and accordingly both of them have argued the possible effect of new by-laws.

We are of opinion that the bill does not negative the existence of by-laws under the recent statutes, and that the case must be considered on the assumption that the corporation may have adopted them.

The plaintiffs contend that their certificates of membership constitute a contract that cannot be affected by the recent legislation, or by changes in by-laws whereby they are to pay classified rates for death benefits.   But these certificates are silent in regard to the rates to be paid.   They give members all the rights and privileges of membership, with a right to participate in the beneficiary fund to the amount of $2,000, to be paid at death.   This is on condition that the member complies " with all the laws, rules and requirements" of the order.

The plaintiffs contend that the Pub. Sts. c. 115, § 8, which authorizes such a corporation to " provide in its by-laws for the payment by each member of a fixed sum " etc. and the subsequent statutes prior to the St. 1898, c. 474, which contain

similar language, looked to a kind of insurance upon the level assessment plan, in which the assessments to be paid by members are all alike, without reference to their age. They also rely upon the provision for the payment of a fixed rate in the general laws originally adopted by the corporation. If we assume, without deciding, that this contention is correct, this mode of making assessments for the future is simply a detail in the management of the business of the order, which the lodge might at any time permit to be changed. The certificate holders are members of a fraternal beneficiary association which may, from time to time, amend its by-laws and change its method of doing business as the members determine for the common good. By the express terms of the certificates, the members are to be bound by changes in the by-laws that may be made from time to time. The Legislature might change the statutes affecting such companies, and the companies might, in like manner, change the by-laws under this power expressly reserved. The case is fully covered by the decisions in *Pain* v. *Société St. Jean Baptiste*, 172 Mass. 319, and *Fullenwider* v. *Royal League*, 180 Ill. 621.

This change in the by-laws is not void as an abuse of the power to make changes, on the ground that it is calculated to defeat the purpose of the organization and destroy the rights of the members. It may be conceded that some amendments might be so foreign to the general scheme and purpose of the organization and so contradictory to its fundamental law and the contracts made under it, as not to be within the power of amendment referred to. But this is not true of an amendment which merely changes forms and methods, while the substance of the general plan and purpose of the organization is preserved. We are of opinion, therefore, that the classified assessments referred to in the bill are not shown to be unauthorized or illegal.

Similar considerations apply to the payment of money to the supreme lodge. It may be that such a payment prior to the enactment of St. 1899, c. 442, § 15, would have been *ultra vires*, and might have been restrained by injunction. Pub. Sts. c. 115, §§ 8, 9. *Lamphere* v. *Grand Lodge of United Workmen*, 47 Mich. 429. But by the enactment of the statute just referred to, such

payments were expressly authorized. So far as appears, the corporation may have adopted by-laws under this statute. Indeed, it appears from the copy of the constitution and laws annexed to the bill, that such payments were contemplated at the time of the organization of the corporation. The general· laws show that this corporation is in close affiliation with the supreme lodge, which is a foreign corporation, and that the laws and regulations adopted by the supreme lodge, applicable to the grand lodge, are of binding force upon it, and upon the subordinate lodges under its jurisdiction. General law XVIII., published in 1892, expressly provides for such payments to the supreme lodge as are now objected to. Under these circumstances, for reasons already stated, the enactment of a statute removing the objection that payments would be *ultra vires* and action under this statute are not a violation of the plaintiffs' rights.

*Demurrer sustained.*