CAROLINE A. NEWHALL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

Suffolk.   November 19, 1901. — March 12, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Fraternal Benefit Association.   Contract,* Construction.

A certificate of membership in a fraternal benefit association contained a promise to pay $5,000 to the wife of the member on proof of the death of the member in good standing, and the promise was declared to be made " in consideration of the full compliance with all the by-laws . . . now existing or hereafter adopted." The certificate contained conditions, that all assessments should be paid and that all advances for sick or disability benefits should be deducted.   After the issuing of the certificate and before the death of the member, the association changed its by-laws, cutting down the highest amount to be paid upon any benefit certificate to $2,000, and also providing that five per cent should be deducted from the face value of certificates for an emergency fund.   In an action on the certificate, all its conditions having been performed, it was *held*, that the express promise to pay $5,000 could not be changed by the association; that the words "full compliance with all the by-laws," if they meant more than compliance with the conditions in regard to payment of assessments and deduction for advances, meant doing what the by-laws required the member to do, and did not mean that the sum promised in return for the consideration could be diminished.

CONTRACT on a benefit certificate issued by the Supreme Council of the American Legion of Honor for $5,000 payable

to the plaintiff on proof of the death of her late husband, Eben D. Newhall.    Writ in the Supreme Judicial Court dated March 1, 1901.

The case was presented to the full court on agreed facts. The certificate was as follows:

"This is to certify that Eben D. Newhall is a Companion of the American Legion of Honor, said Companion having made application for sixth degree membership to Orient Council No. 25 A. L. of H. instituted and located at Taunton in the State of Mass., and passed the requisite medical examination and been duly initiated into said Council, and this Certificate is issued to said Companion as an evidence of the facts in it contained and as a statement of the contract existing between said Companion and the Supreme Council, American Legion of Honor. In consideration of the full compliance with all the by-laws of the Supreme Council, A. L. of H. now existing or hereafter adopted and the conditions herein contained, the Supreme Council, A. L. of H. hereby agrees to pay Caroline Newhall, wife, five thousand dollars, upon satisfactory proof of the death, while in good standing upon the books of the Supreme Council, of the Companion herein named, and a full receipt and surrender of this Certificate.    Subject, however, to the conditions, restrictions and limitations following:

"First.    That all statements made by the Companion in the application for membership and all answers to the questions contained in the medical examination are in all respects true and shall be deemed and taken to be express warranties.

"Second.    That said Companion shall have paid all assessments called to the Benefit Fund within the time and in the manner required by the by-laws of the Supreme Council in force at the time of the issuance of this certificate or as the same may be hereafter amended.

"Third.    That all moneys which the Supreme Council, American Legion of Honor, may advance against this Certificate by way of a relief benefit to the Companion named herein, for sick or disability benefits, under existing or hereafter enacted by-laws or regulations may be deducted, at the death of the Companion, from the amount payable to the beneficiary named herein.

" Fourth. That the amount designated by said Companion in his application for membership and stated herein, as a funeral benefit, may be deducted at the death of the Companion, from the amount payable to the beneficiary herein named.

" Fifth. That this benefit certificate is issued by the Supreme Council, and accepted by the Companion herein named, for himself and his beneficiary, upon the express condition and agreement that in case of any false or fraudulent statement or misrepresentation or violation of any of the covenants herein contained the same shall be void.

" In witness whereof the Supreme Council, American Legion of Honor has hereunto affixed its Corporate Seal and caused this Certificate to be signed by its Supreme Commander and attested by its Supreme Secretary at Boston, Massachusetts, this 14th day of Feb. A. D. 1888. Enoch S. Brown, Supreme Commander. Attest: Adam Warnock, Supreme Secretary." [Seal.]

The by-law of the defendant in relation to death benefits, and the benefit fund, in 1880 when Eben D. Newhall made application to become a member of the order, and on February 14, 1888, when the certificate was issued, was as follows:

" Five thousand dollars shall be the highest amount paid by this order on the death of a member. This sum shall be paid on the death of every sixth degree member and four thousand dollars on the death of every fifth degree member, three thousand dollars on the death of every fourth degree member, two thousand dollars on the death of every third degree member, one thousand dollars on the death of every second degree member and five hundred dollars on the death of every first degree member; provided however that should a death occur when one assessment on each member would not amount to five thousand dollars, then the sum shall be a proportionate amount of one assessment on each member in good standing in the order at the date of death, according to the degree of the deceased member, and such amount shall be all that can be claimed by any one."

In 1893 the highest amount payable on the death of a member was made $3,000, and in 1899 was made $2,000, but both of these amendments contained the following provision:

" Provided, however, that nothing herein contained shall be

construed to in any wise impair the obligation of any benefit certificate heretofore issued for a larger or smaller amount than that authorized by the provisions of this by-law."

Finally in August, 1900, the by-law was further amended to read as follows:

" Two thousand dollars shall be the highest amount paid by the Order on the death of a member upon any benefit certificate heretofore and hereafter issued. This sum shall be paid on the death of every member holding a benefit certificate of two thousand dollars or over and one thousand dollars on the death of every member holding a benefit certificate for that amount and five hundred dollars on the death of every member holding a benefit certificate for that amount.

" Provided, that if at the death of said member one full assessment upon each of the members of the Order will not amount to the full sum of two thousand dollars, then the amount to be paid to the beneficiaries of said deceased member shall not exceed the amount collected by said assessment, if said member's certificate is for two thousand dollars; one half of the amount, if the benefit certificate is for one thousand dollars; one quarter of the amount if the benefit certificate is for five hundred dollars. And, provided, that the face value of the benefit certificate shall be paid so long as the emergency fund of the Order has not been exhausted. And, provided, that the said member shall, at the time of death, be a member of the Order in good standing and shall have complied with all the laws, rules and regulations of the Order as they now are, or, as they may hereafter from time to time be amended."

Eben D. Newhall, the husband of the plaintiff, was a member in good standing from the time he entered the order until the date of his death in October, 1900. He paid in the way of dues and assessments laid by the order to the date of his decease, the sum of $3,578.56.

If material, which the defendant denied, it was agreed that for seven years before his death Eben D. Newhall was incapacitated from doing any business, and that he had at the date of his death no personal knowledge of the passage of the by-law of August, 1900, but the plaintiff did have such knowledge, which the plaintiff contended was immaterial.

After the death of Eben D. Newhall the plaintiff tendered to the defendant the sum of $24, the amount which she contended was due from the estate of Eben D. Newhall as a member of the sixth class of the order in good standing, which tender the defendant refused to accept, contending that $9.60 was the amount due the defendant, instead of $24, the amount tendered. The tender of $24 was made on the basis that the plaintiff was entitled to $5,000. The $9.60 claimed to be the amount due by the defendant was upon the basis that the plaintiff was entitled only to $2,000. The plaintiff paid to the defendant the $9.60 demanded, the plaintiff saving her rights to collect the $5,000 if entitled to it.

Due proof of the death of Newhall was filed with the defendant, and a proper tender was made of the benefit certificate to the defendant, and proper demand made for the sum of $5,000.

In August, 1900, a further by-law was passed by the defendant, as follows :

" An emergency fund of five per cent of the aggregate face value of all outstanding benefit certificates, as recognized by the by-laws of the order, is hereby established, to be created, collected, maintained and disbursed in conformity with the laws of the State of Massachusetts; and that for the establishment of said fund there be charged against the certificate of each member of the order, five per cent of the by-laws value (reduced or otherwise) thereof, provided, however, that if upon the decease of any member, any part of said charge shall remain unpaid by the member to said fund, the same shall be deducted from the amount payable to the beneficiary."

It was agreed, if material, which the plaintiff denied, that the several amendments to the by-laws mentioned and quoted were enacted in good faith, and necessitated by the condition of the order at the time.

Upon the facts, if the court should find the foregoing amendments to the defendant's by-laws valid and operative upon the plaintiff, the judgment was to be for $1,700 and interest from the date of the writ; if the finding should be that the by-law reducing the amount of the death benefit was operative, but the by-law requiring the deduction of five per cent for an emergency fund was inoperative, then the judgment was to be for $1,800

and interest; if the court should find that the changes in the laws were invalid and inoperative upon the plaintiff, the judgment was to be for $4,800 and interest, and if the finding should be that the first named by-law was inoperative, but the last named by-law was operative, then the judgment was to be for $4,500 and interest.

The defendant had sufficient money in its emergency fund to pay the plaintiff's claim. The amount of one assessment at the time of the death of Eben D. Newhall exceeded the sum of $5,000.

*L. Sullivan,* (*N. L. Frothingham* with him,) for the plaintiff.

*J. H. Butler,* for the defendant.

HOLMES, C. J. This is an action on a certificate of membership issued by the defendant to Eben D. Newhall and promising to pay the plaintiff $5,000 upon certain conditions which have been performed. The defendant sets up that since issuing the certificate it has changed its by-laws and cut down the highest amount to be paid upon any benefit certificate to $2,000. The plaintiff denies the power of the defendant thus to diminish a member's rights under his contract. The promise is made " in consideration of the full compliance with all the by-laws . . . now existing or hereafter adopted," but the conditions attached to the promise refer to the by-laws only so far as to require payment of assessments and the deduction of advances for sick or disability benefits in accordance with them. Subject to these conditions the promise is absolute. Upon these facts we are of opinion that the plaintiff is right and is entitled to recover the larger sum.

If the plaintiff's rights stood simply upon the by-laws in force at the time when the certificate was issued, as was the case in *Pain* v. *Société St. Jean Baptiste,* 172 Mass. 319, the question would be raised whether such a change of by-laws, if necessitated by the condition of the society, was permissible as against her, or was unreasonable and an abuse. See *Messer* v. *Grand Lodge United Workmen,* 180 Mass. 321 ; *Smith* v. *Galloway,* [1898] 1 Q. B. 71 ; *Fugure* v. *Mutual Society of St. Joseph,* 46 Vt. 362 ; *Fullenwider* v. *Supreme Council of the Royal League,* 180 Ill. 621 ; Niblack, Voluntary Societies, (2d ed.) § 25. But the plaintiff's rights do not stand upon the by-laws alone. They

stand also upon express contract.   The promise to pay $5,000 is conditioned by the by-laws only to the extent that has been stated.   Even if the "full compliance with all the by-laws" which is mentioned as a consideration for the promise is not interpreted and limited by the more specific provisions of the express conditions, "compliance" in this connection means doing what. the by-laws may require the member to do, not submission to seeing his only inducement to do it destroyed. The case is not like *Daley* v. *People's Building, Loan, & Savings Association,* 172 Mass. 533, and *Moore* v. *Union Fraternal Accident Association,* 103 Iowa, 424, where the promise to pay a fixed sum was qualified by reference to a fund from which the payment was to come and which might turn out inadequate from causes over which the defendant had no control.   Stating our opinion in a different form, whatever compliance with by-laws may be construed to mean, it does not mean absolute submission to whatever may be enacted in good faith, and it does not extend to permitting a direct deduction from the sum which, on the face of the certificate, any ordinary man would be led to suppose secure.   With reference to him the by-law is a plain abuse.   *Gaut* v. *American Legion of Honor,* 107 Tenn. 603. *Langan* v. *American Legion of Honor,* 70 N. Y. Supp. 663, 665. *Knights Templars' & Masons' Life Indemnity Co.* v. *Jarman,* 44 C. C. A. 92, 99.   *Pokrefky* v. *Detroit Firemen's Fund Association,* 121 Mich. 456.   *Wist* v. *Grand Lodge A. O. U. W.* 22 Ore. 271, 281.

Another by-law undertakes to deduct five per cent from the face value of certificates for an emergency fund.   Whatever may be the right to assess for this purpose, it follows from what we have said that the attempt to cut down the amount to be paid by the defendant under its contract must fail.   St. 1899, c. 442, § 12, is not to be construed as attempting to impair the obligation of existing contracts.

*Judgment for $4,800.*