### LEMUEL C. PORTER *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

Suffolk.    March 3, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Performance and breach.    *Fraternal Beneficiary Association.*

The holder of a certificate of a fraternal beneficiary association, by the terms of which the association agrees to pay the holder's wife $5,000 upon proof of his death, cannot recover from the association for a breach of the agreement, because the association by an amendment of a by-law has attempted to reduce the amount of the benefit payable on the certificate from $5,000 to $2,000, and has refused to receive assessments for more than would be due under the new by-law, the action of the association amounting to no more than notice of an intended breach of its contract at a future time, which in this Commonwealth gives no right of action. Whether in such a case the holder has a present remedy in equity, *quære.*

CONTRACT upon a benefit certificate issued to the plaintiff by the defendant, for $5,000 damages to which the plaintiff was alleged to be entitled by reason of a breach of the contract by the defendant, as stated by the court, with second and third counts for $6,000 paid by the plaintiff to the defendant for assessments. Writ in the Supreme Judicial Court dated December 12, 1901.

The case was tried before *Loring*, J., who ruled that upon the first count there had been no breach of contract which entitled the plaintiff to maintain an action for damages, and ruled and found that the plaintiff was not entitled to recover on any of the counts of his declaration. The plaintiff alleged exceptions.

*H. W. Ogden & A. Lincoln*, for the plaintiff.

*E. A. Whitman*, for the defendant.

LATHROP, J. We are of opinion that the justice of this court who heard the case was right in ruling that the plaintiff could not recover on any count of his declaration.

The plaintiff is a certificate holder in the defendant association. The certificate is dated September 10, 1895, and by its terms the defendant agrees to pay the plaintiff's wife $5,000, upon satisfactory proof of the plaintiff's death, while in good standing upon the books of the Supreme Council, and subject to certain conditions, one of which is : " That said Companion shall have paid all assessments called within the time and in the manner required by the by-laws of the Supreme Council in force at the time of the issuance of this certificate or as the same may be hereafter amended."

The plaintiff alleges in the first count that he is entitled to recover the value of his policy, on the ground that in August, 1900, the defendant amended one of its by-laws so as to reduce the amount of the benefit to be paid on this certificate, upon death, from $5,000 to $2,000. And this is the alleged breach of the contract. In the second and third counts he further contends that on account of this breach he is entitled to recover the assessments he had already paid.

The by-law of 1900 was before the court in *Newhall* v. *American Legion of Honor*, 181 Mass. 111, and the court there held that the defendant could not by the by-law cut down the express promise to pay $5,000. The action in that case was brought by

the beneficiary of a certificate holder, who died in October, 1900. Tender was made by the beneficiary of the full amount due as an assessment under the previous by-law, but the defendant refused to accept more than was due under the new by-law.

The plaintiff in the present case, upon the passage of the by-law of August, 1900, duly protested, and tendered to the defendant the amount of the assessment which he had been paying upon the basis of a $5,000 benefit. The defendant refused to accept the tender, but did accept $9.60, which was the amount of the assessment at the new rate, and the plaintiff continued to pay at the new rate down to the trial, but each time protesting and not waiving his rights to have $5,000 at his death, and keeping alive the tender. The plaintiff at the time of the trial was a member in good standing.

We are of opinion that the contract has not yet been broken. It is a contract to pay at his death $5,000 to his beneficiary. If the defendant does not choose to assess him on a $5,000 basis, he has no ground of complaint. He stands ready to be assessed, and can do no more. That recovery can be had for the full amount in case of his death, notwithstanding the change in the by-law, was held in *Newhall* v. *American Legion of Honor, ubi supra.* The same rule was applied by the Circuit Court of Appeals for the Third Circuit, in *American Legion of Honor* v. *Getz,* 112 Fed. Rep. 119.

We regard it as settled in this Commonwealth that, where a contract is to be performed at a certain time or on the happening of a certain event, a declaration by one party that he will not perform it when the time comes does not give a present right of action. *Daniels* v. *Newton,* 114 Mass. 530. *Deane* v. *Caldwell,* 127 Mass. 242, 246. *Emory Manuf. Co.* v. *Salomon,* 178 Mass. 582. *Martin* v. *Meles,* 179 Mass. 114, 119.

It is true that in *Roehm* v. *Horst,* 178 U. S. 1, a different view of the law was taken, and there are many authorities that way. See 14 Harv. Law Rev. 432, *et seq.,* where the authorities are collected and discussed. The opinion of Judge Dallas, in a case somewhat similar to the present, seems to be founded on the doctrine of *Roehm* v. *Horst,* though the case is not cited. *Black* v. *American Legion of Honor,* 120 Fed. Rep. 580.

The Court of Appeals of New York, in a recent case over-

ruling the Appellate Division of the Supreme Court, has decided that the enactment of the by-law was void and ineffectual, and constituted no breach of the contract. *Langan* v. *American Legion of Honor*, 174 N. Y. 266.

There having been no present breach of the contract in the case before us, the plaintiff is not entitled, under the second and third counts, to recover the assessments paid by him; and it is unnecessary to consider whether the conduct of the plaintiff has not been such as to preclude him from so recovering, even if there had been a breach. Nor is it necessary to consider whether the plaintiff has any relief in equity. See *Gaut* v. *American Legion of Honor*, 107 Tenn. 603; *Langan* v. *American Legion of Honor*, 174 N. Y. 266.

*Exceptions overruled.*