ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN
LEGION OF HONOR.

NEWTON'S CLAIM.

Suffolk.   March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.   Contract,* Consideration.   *Release.*

Upon the question whether a member of a fraternal beneficiary corporation or the
beneficiary claiming a death benefit under his certificate had acquiesced in a
by-law reducing the amount to be paid for death benefits from $5,000 to $2,000,
which was adopted by the corporation in good faith and afterwards was held to
be invalid, so as to bar the beneficiary from sharing, to the amount of the bal-
ance of the death benefit, in an emergency fund in the hands of the receiver of
the property of the corporation appointed under R. L. c. 119, § 19, to settle its
affairs, the facts in regard to the payment of assessments based on the reduced
amount under protest were not made clear by the affidavits accepted as evidence
and the statements in the report of the receiver.   It appeared that the member
died about two years and four months before the appointment of the receiver,
that about four and a half months later the corporation tendered $2,000 upon
the certificate, which the beneficiary refused, and that about two months later
after conferences an agreement of compromise was made, under which the cor-
poration paid the beneficiary $3,000, and the beneficiary gave a release under
seal, but gave it in another State by the laws of which an agreement under seal
stands on the footing of a simple contract, so that the release was binding only
if given for a valid consideration.   At the time of the compromise it was not
clear what the facts were in regard to payments of assessments made under pro-
test nor what the law was governing the rights of the parties.   This court *found
as a fact* that the corporation, in agreeing to pay $3,000 instead of the $2,000
which it offered at first, in good faith relinquished the right to litigate questions
involved in the claim of the beneficiary, *and consequently held* that the compro-
mise was founded on a valid consideration and that the beneficiary was not en-
titled to share in the emergency fund.

LORING, J.   Newton's claim (claim 164) is another of the
seventeen appeals from the decree of October 29, 1909.   See
*Attorney General* v. *American Legion of Honor (Hall's Claim),*
*ante,* 158.

It is stated in the facts reported by the receiver: " (2) That
the member paid all assessments levied by the order on said
certificate of five thousand dollars ($5,000) to the date of its
reduction to two thousand dollars ($2,000), and thereafter paid
twenty-six (26) assessments during a period of a year and a half

on the certificate so reduced, under protest, and made a tender (for a time at least) of the amount formerly paid; and did not deliver up his five thousand dollars ($5,000) certificate for a two thousand dollars ($2,000) certificate. (3) That the member, shortly after the reduction in the amount of his certificate, was transferred from his original local council in Texas (dissolved) to a Massachusetts council, and thereafter was a member of and paid his assessments to a local council located in Massachusetts."

It is further stated by the receiver, under the heading "Further Proof," that the claimant has filed eight affidavits and two letters, and that "Upon these affidavits, letters, and the books, papers and documents of the order the receiver reports as follows:

"(12) That it appears from a typewritten paper, dated October 31, 1900, that the member tendered to the local collector payment of twenty-four dollars ($24), the assessment on a five thousand dollars ($5,000) certificate, and, it being refused, paid, under protest, the assessment on a two thousand dollars ($2,000) certificate; that this paper was signed by two witnesses, who, on February 21, 1908, made oath that they signed the same at the request of the member; that two similar papers, dated November 30, 1900, and December 17, 1900, and sworn to by four other persons as above, to the same effect, are also filed.

"(13) That it appears from the affidavit of the said local collector, dated February 21, 1908, that the said tender was made on October 31, 1900, and refused by him, as he had been instructed by the order not to receive assessments except upon the basis of two thousand dollars ($2,000) certificates; that such an assessment was paid by the member under protest, and thereafter tendered, and payments, under protest, were made so long as the collector acted.

"(14) That it appears from the affidavits of the beneficiary, dated February 21, 1908, that the tenders and payments under protest, as above stated, were made and received up to the time the payment of assessments began to be made to the local collector in Massachusetts, but not thereafter."

The member died on April 1, 1902, and on August 16, 1902, a draft for $2,000 was tendered and refused. Thereafter the attorney of the beneficiary came from Texas to Boston and took

the matter up with the officers and the counsel of the defendant corporation. The result of these conferences was an agreement to compromise for $3,000. A draft for that amount was forwarded to Texas through a bank and accepted by the beneficiary on October 4, 1902. The beneficiary, in consideration of that payment, gave a release under seal. But by the laws of Texas an agreement under seal stands on the footing of a simple contract. It follows that this settlement was not binding unless it was founded on a valid consideration. The single justice found that the compromise was based on a valid consideration and is binding. We agree with him upon that point.

The law upon this point is now settled, to wit: " If an intending litigant *bona fide* forbears a right to litigate . . . he does give up something of value." A compromise based on such a consideration is founded on a valid one and is binding. *Blount* v. *Wheeler,* 199 Mass. 330.

If full credence were given to all that is said in the affidavits filed by the claimant and those affidavits were construed to mean what the claimant contends for, the compromise here in question was brought about by a threat of delay without the defendant's thinking it had a defense. Such a compromise would be founded on a threat of vexatious litigation and would not be binding. *Blount* v. *Wheeler, ubi supra.* But the counsel for the defendant corporation also has made an affidavit. The questions of fact upon which the validity of this compromise really depends have not been directly dealt with in a satisfactory way in these affidavits, and we must look to the facts for a determination of the question.

What the facts were, and what the law was governing the rights of the parties, were not then altogether clear.

It would seem that there was some question as to how many payments were made under protest. The statements made by the receiver upon this point seem to be in conflict. The receiver begins with a statement that the member " paid twenty-six (26) assessments during a period of a year and a half on the certificate so reduced, under protest, and made a tender (for a time at least) of the amount formerly paid."

But in the next paragraph he says that " shortly after the reduction in the amount of his certificate, [the member] was trans-

ferred " upon the dissolution of the local council in Texas to a Massachusetts council. And when we come to the " further proof " it would seem from the statement of the receiver that but three payments of the reduced amount were paid to the collector of the Texas council, and that when payments were made to the collector of the Massachusetts council neither protest against the smaller nor tender of the larger amount was made. Whether that be the fact or not is not altogether plain upon these statements.

It is now settled (*Law's Claim, ante,* 183) that a member who protested preserved all his rights. But that had not been directly decided then, and the decision in *Porter* v. *American Legion of Honor,* 183 Mass. 326 (if that is material here), was not made until seven months after the date of this compromise.

More than that, if it was the fact that after December 17, 1900, the assessments of the reduced amount were paid without protest there were twenty-three assessments so paid. It is by no means plain that under those circumstances the member made the protest necessary to preserve his rights.

We find as a fact that in agreeing to pay $3,000 (in place of the $2,000 which it first offered) the defendant in good faith forbore the right to litigate questions involved in this claim. The compromise therefore was founded on a valid consideration, and the entry must be

*Decree affirmed.*

*H. A. Wyman,* receiver, *pro se.*

*S. C. Bennett,* for the claimant.

*J. J. Higgins & A. L. Goodwin,* for the members in good standing.