P. P. EMORY MANUFACTURING COMPANY *vs.* S. SALOMON & another.

Hampshire.     April 3, 1901. — May 21, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

In an action of contract for a failure to sell and deliver certain goods, it appeared, that the defendant had agreed to ship the goods on February 1, and on January 25 wrote to the plaintiff that he would not keep his contract. The plaintiff replied that he should hold him to his bargain, and on February 2 made a further demand for performance which was refused. *Held*, that there was no breach of the contract until February 1, and that the measure of damages was the difference between the contract price and the market price on that day and not between the contract price and the price on January 25 when the defendant announced his intention of breaking the contract.

CONTRACT by a corporation to recover damages sustained by reason of the failure of the defendants, copartners doing business under the name of Columbia Smelting and Refining Works, to deliver certain metals which the defendants had agreed to sell and deliver to the plaintiff at prices named. Writ dated October 6, 1899.

At the trial in the Superior Court, before *Stevens*, J., without a jury, the facts were proved as stated in the opinion of the court, and the only question raised by the exceptions related to the measure of damages.

The contract required the defendants to deliver the goods on February 1, 1899. On January 25, 1899, the defendants wrote to the plaintiff that they would not carry out the order of the plaintiff accepted by their agent the day before, as metals had advanced in value. It appeared that the market price of the metals contracted for was greater on February 1, the day fixed

for performance, than on January 25, when the defendants wrote their letter above mentioned, both prices being above that named in the contract.

The plaintiff requested the judge to rule, that the measure of the damages which the plaintiff was entitled to recover was the difference between the price expressed in the memorandum of sale and the market price on February 1, 1899, the date therein fixed for delivery. The judge refused so to rule, but ruled that the measure of damages was the difference between the price expressed in the memorandum and the price quoted in the letter from the defendants to the plaintiff under date of January 25, 1899. To this ruling and refusal to rule the plaintiff excepted.

The judge found for the plaintiff in the sum of $175.03 ; and the plaintiff alleged exceptions.

*R. A. Knight & E. H. Brewster,* for the plaintiff.

*H. K. Hawes,* for the defendants.

HOLMES, C. J. This is an action of contract for a failure to sell and deliver certain metals as agreed. The contract was to ship on February 1, 1899. On January 25 the defendants wrote to the plaintiff that they would not keep their contract. The plaintiff replied that it should hold them to their bargain, and on February 2 made a further demand of performance. At the trial the contract and breach having been proved, the plaintiff asked the judge to rule that the measure of damages was the difference between the contract price and the market price on February 1. The judge refused the request, and ruled that the date to be taken was that of the defendants' letter, January 25. The plaintiff excepted.

The ruling requested should have been given. Even in England where perhaps the courts would go further than we do in the way of allowing an anticipatory notice that the defendant will not perform his contract to be treated by the plaintiff as a breach, it seems to be settled that " the promisee, if he pleases, may treat the notice of intention as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of non-performance." *Frost* v. *Knight,* L. R. 7 Ex. 111, 112. *Johnstone* v. *Milling,* 16 Q. B. D. 460, 470, 473. *Roehm* v. *Horst,* 178 U. S. 1, 19. *A fortiori* the same is true when, as in this case, the promisee,

had he wished to do so, would not have been allowed to treat the notice as a breach. *Daniels* v. *Newton,* 114 Mass. 530. *O'Brien* v. *Boland,* 166 Mass. 481, 484. A notice which gives the promisee no right to damages cannot bind him as conclusive that the contract will not be performed, and so put upon him a responsibility to see that the damages are no greater than they need be. It is a mere prophecy, and as such may be disregarded. Until the moment when a refusal to perform is a wrong, he has a right to expect that when the time comes a wrong will not be done. Sedgw. Damages, (8th ed.) § 224. The case has nothing in common with that of a refusal after the time of performance has arrived. *Kadish* v. *Young,* 108 Ill. 170, 185. *Davis* v. *Bronson,* 2 No. Dak. 300, 303. See *Martin* v. *Meles,* Suffolk, May 23, 1901. See further, for the rule of damages which we adopt, *Leigh* v. *Paterson,* 2 Moore, 588; *Phillpotts* v. *Evans,* 5 M. & W. 475; *Kadish* v. *Young,* 108 Ill. 170, 178; Sedgw. Damages, (8th ed.) § 758.

*Exceptions sustained.*