ARTHUR R. TIRRELL & another *vs.* JAMES F. ANDERSON.

Plymouth.    December 12, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, CARROLL, JJ.

*Evidence*, Competency.  *Contract*, Construction, Performance and breach.  *Practice, Civil*, Premature action.  *Damages*, For breach of contract.  *Sale*.

At the trial of an action for breach of an alleged oral agreement by the defendant to manufacture and deliver a quantity of tacks to the plaintiff in accordance with a certain order, the statute of frauds, St. 1908, c. 237, § 4, was relied on as a defence, and, subject to an exception by the defendant, the plaintiff was permitted to testify that certain deliveries of tacks made to the plaintiff by the defendant were made on account of the order.  The defendant contended that such deliveries were made after the completion of a previous order in a belief, resulting from a conversation with the plaintiff, that the plaintiff would take the tacks off his hands.  *Held*, that the testimony excepted to was competent, it being evidence of a material fact and not of an opinion only.

Under an oral contract of purchase and sale which contains no provision fixing a time when or before which the goods sold shall be delivered, delivery should be made within a reasonable time after the making of the contract.

Where, at the trial of an action for breach of an oral contract by the defendant to make and deliver a certain quantity of tacks to the plaintiff, it appeared that the oral contract contained no provision as to time of delivery and the plaintiff relied upon a repudiation of the contract by the defendant the day before the action was brought, when he sold out his business and thereby disabled himself from completing the contract, and there was evidence that a reasonable time within which the contract should have been performed by the defendant had not arrived when the action was brought, the defendant is entitled to a ruling, that "Under the agreement alleged in the declaration (if proved) no time of delivery is specified and the law therefore implies that delivery shall be made in a reasonable time under all the circumstances," with a supplemental instruction in substance that the jury should find for the defendant if it should find that the time for full performance by the defendant had not arrived when the action was brought.

Damages for failure to perform a contract, repudiated by the defendant, of sale and delivery to be performed within a reasonable time after it was made, should be assessed as of the date when performance was required to be performed and not as of the date of its repudiation by the defendant.

CONTRACT OR TORT by Arthur R. Tirrell and Juan P. Tomas, doing business under the name and style, Tomas & Cia (Thomas and Company), against James F. Anderson, doing business under the name and style, Anderson Tack Company, with a declaration as amended in contract only seeking damages resulting from a

failure of the defendant to manufacture and deliver to the plaintiffs an order of tacks according to an alleged contract between the parties. Writ dated June 2, 1917.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence, requests by the defendant for rulings and a special finding by the jury are described in the opinion. The jury found for the plaintiffs in the sum of $9,025.52; and the defendant alleged exceptions.

The case was submitted on briefs.

*T. Brennan*, for the defendant.

*F. G. Katzmann, J. P. Vahey & P. Mansfield*, for the plaintiffs.

PIERCE, J. This is an action in contract to recover damages, including therein certain profits arising to the plaintiffs, from the alleged repudiation, renunciation and revocation by the defendant, after partial performance, of an oral agreement to deliver to the plaintiffs a certain quantity of tacks in accordance with a typewritten order, a copy of which is annexed to the plaintiffs' declaration. The answer of the defendant is a general denial and the statute of frauds. St. 1908, c. 237, § 4.

The evidence warranted the special finding of the jury that the oral contract relied on by the plaintiffs was made on or about June 1, 1916. Under the careful and full instructions of the judge, the jury, in order to find for the plaintiff, must have found that the defendant actually delivered goods under the alleged contract and that the plaintiffs accepted such deliveries in part performance thereof.

The plaintiff Tirrell, without objection, testified that there were delivered after the completion of a prior order for the sale of similar tacks and after the acceptance of the order which is the basis of the oral contract of June 1, 1916, forty-eight cases of tacks — twenty delivered in December, 1916, and twenty-eight in April, 1917 — and that these deliveries were at the prices of order No. 2. Notwithstanding the defence that the defendant did not make the oral contract sued upon and the claim of the defendant that he continued to make tacks after he had completed his oral contract under order No. 1, in the belief resulting from a conversation with one of the plaintiffs that the plaintiffs would take tacks so made off his hands, the plaintiff Tirrell was permitted to testify subject to the exception of the defendant

that the deliveries of tacks in December, 1916, and in April, 1917, were made by the defendant on account of order No. 2. The statement of the witness was a statement of a manifest fact and not of opinion if the jury should find, as it did, that the defendant and plaintiffs had made a common law contract of purchase and sale of the tacks described in order No. 2, and that the defendant had not made such tacks in pursuance of a mere moral obligation to make for the plaintiffs more tacks than were called for by the first order. If the contention of the plaintiffs that there was an oral contract and a single order, No. 2, under that contract was right, and the claim of the defendant of a delivery of tacks under an unenforceable agreement to take off his hands such tacks as the defendant at his convenience and pleasure might make was wrong, the purpose of the defendant in making deliveries would be an incontrovertible and self-evident truth, the statement of which could do no legal harm to the defendant.

The oral contract upon which this action for non-performance is based contains no provision fixing a time when or before which the deliveries of the tacks should be made. It follows and the law imports that such time is a reasonable time after the making of the contract.

The declaration does not allege that the defendant, within a reasonable time from the time of the making of the agreement, has failed to do or to perform any act to be done or performed by him; nor does it allege when the time of performance after the bringing of this action would reasonably arrive. That the time of performance had not yet arrived when this action was commenced on June 2, 1917, is evidenced by the letter of the plaintiffs to the defendant, dated May 24, 1917, wherein the plaintiffs say: "You accepted order No. 2 given you in June of last year at your own prices, and you have shipped a few cases against this order, which proves that you accepted same in all fairness. We have been expecting to hear from you to the effect that you had commenced to manufacture tacks again against this order, as we certainly must insist on this order being filled, as we are obligated to our customers to fill same. Therefore, we wish you to advise us by letter that you will include this order in whatever arrangements you make with the U. S. M. Co." The defendant sold out his business on June 1, 1917, and thereby

disabled himself from completing his contract with the plaintiffs, at least at his then place of business. The substitute declaration alleges as the gravamen of the action "That on or about the first day of June A.D. 1917 the defendant repudiated, revoked, rescinded and broke said agreement, and refused to deliver the remainder of the tacks due under said agreement, all to the damage of the said plaintiffs . . ."

At the conclusion of the evidence the defendant requested a ruling: "1. On all the evidence the plaintiff is not entitled to recover;" and "24 B Under the agreement alleged in the declaration (if proved) no time of delivery is specified and the law therefore implies that delivery shall be made in a reasonable time under all the circumstances." The judge gave neither request in form or in substance and the defendant duly saved his exception thereto. We think the request No. 24 B should have been given with a supplemental instruction in substance that the jury should find for the defendant if it should find that the day of full performance by the defendant had not arrived on June 2, 1917, when the writ issued. In this Commonwealth the renunciation or repudiation of a contract before the day of performance ordinarily is not such a breach of obligation as gives an immediate right of action. In the case at bar the disablement of the defendant to perform at his place of manufacture did not necessarily preclude his performance elsewhere, within a time which the jury could find was a reasonable time for the performance of his contract. *Daniels* v. *Newton*, 114 Mass. 530. *Deane* v. *Caldwell*, 127 Mass. 242. *P. P. Emory Manuf. Co.* v. *Salomon*, 178 Mass. 582. *Martin* v. *Meles*, 179 Mass. 114. *Porter* v. *American Legion of Honor*, 183 Mass. 326, 328.

It is apparent that the damages should have been determined as of the day of non-performance and not as they were as of the day of the renunciation of the contract. *P. P. Emory Manuf. Co.* v. *Salomon, supra.*

*Exceptions sustained.*