Rollins, J.
This is an action of contract in which the plaintiff seeks to recover for a breach of contract. The principal question to be decided is whether or not the plaintiff began this action before any breach of the contract occurred.
*29 The evidence tended to show the following facts. The plaintiff is engaged in the business of buying and selling second hand printing equipment. He has a place of business in Boston where he conducts his business under the name of Typesetters Machine Co. The defendant is a resident of New Bedford where he has been engaged in the printing and newspaper business for about 22 years. He prints a Polish newspaper called the Trybuna.
About December, 1947 the defendant decided to sell out his printing establishment and return to Poland where his mother was living. The plaintiff learned of this and went to see the defendant in New Bedford, once in the last week in March and again on April 1, 1948. On these occasions he talked with the defendant and examined the printing equipment. At the talk on April 1 the defendant told the plaintiff that it was important that he, the defendant, have the shop for 30 days to complete the printing of a book of poems which he was then engaged in printing. On this day, April 1, the plaintiff drew up and typed a written memorandum which reads as follows:
“New Bedford, Mass. April 1, 1948.
I Emil Szubzda do hereby sell and convey all of the equipment of the Trybuna Publishing and Printing office to the Typesetters Machine Company free and clear of all encumbrances and agree to protect said Company against any claims on said Trybuna Pub. Co. or equipment for the sum of $11,000, $1,000 to be paid at the signing of this ¡bill of Sale and the balance of $10,000 in cash :in 30-days, at which time I have the right to remove said equipment.”
This written memorandum was signed by both parties. The plaintiff thereupon gave the defendant a check for *30 $1000 on account of the purchase price. On the end of the face of the check the plaintiff typed the words “Part payment of Trybuna Polish News $10,000 more to be paid May 1, 1948.” On April 30, 1948 the plaintiff tendered the defendant $10,000 in cash, the balance of the purchase price. The defendant refused to accept it and refused to deliver the printing equipment to the plaintiff. Later on the same day and after the tender the plaintiff handed to a deputy sheriff for service, the writ in this case which was dated April 29, 1948. The deputy sheriff served the writ on April 30, 1948 by attaching the printing-equipment of the defendant.
At the trial the defendant filed a motion that judgment be entered in his favor because the alleged cause of action did not exist at the time this suit was commenced. This motion was denied and a report was duly claimed by the defendant. At the close of the trial the defendant filed requests- for rulings, the first and second of which are as follows:
1. The defendant is entitled to judgment upon all of the evidence as a matter of law because the writ is dated and the suit commenced, prior to the date for performance by the defendant of the alleged contract upon which the plaintiff relied. 2. The defendant could not be required to deliver the goods under the contract until May 1, 1948.
Both of these requests were denied.
The plaintiff also filed requests for rulings the first of which is as follows: 1. The evidence does not warrant a finding- for the defendant. This request was allowed.
The trial judge found for the plaintiff in the amount of $3050 and made a lengthy “finding of facts and rulings.” Among these findings of fact are the following:
*31 “I find that at this time (April 1, 1948) the defendant was printing a book of poems which he desired to complete and to take to Poland with him. I find that the plaintiff told the defendant (sometime on April 1, 1948) that he could finish printing his book even though his men might be cleaning up and dismantling the place.”
The defendant claiming to be aggrieved by the denial of his motion and his two requests for rulings and by the granting of the plaintiff’s two requests for rulings, the case is reported to this Appellate Division for determination.
It is settled law of this Commonwealth that no action can be maintained for anticipatory breach of contract. Daniels v. Newton, 114 Mass. 530; Tirrell v. Anderson, 244 Mass. 200, 203.
In order to determine whether this action was prematurely brought we must determine (1) when this action was begun and (2) when the right of action for breach of contract accrued to the plaintiff.
The plaintiff’s writ was dated April 29, 1948 and placed in the hands of a deputy sheriff for service and served on April 30, 1948. Prima facie a suit is begun on the date of the writ. Moriarty v. King, 317 Mass. 210, 214. But it may be shown that it was not the plaintiff’s intent to commence the action until a later date. Regan v. Atlantic Refining Co., 304 Mass. 353, 354, 355. Here the fact that the plaintiff retained the writ in his possession and did not deliver it to the deputy sheriff until he had made a tender to the defendant of the balance of the purchase price and the defendant had refused to accept the tender and declined to make delivery of the printing equipment causes us to conclude that this action was begun on April 30, 1948.
*32 The breach of contract for which the plaintiff brings this suit was the refusal of the defendant to deliver to the plaintiff the printing material on April 30th after the tender to him of the entire balance of the purchase price.
Whether or not the defendant committed such a breach on April 30th depends upon when, by the terms of the agreement, construed in the light of the surrounding circumstances, he was obliged to make delivery of the printing equipment. The material words of the written agreement are: “I Emil Szubzda do hereby sell and convey all the equipment . . . for the some (sum) of $11,000, $1000 to be paid on the signing of this bill of Sale and the balance in cash in 30 days at which time I have the right to remove said equipment.”
The last “I” above of course refers to the plaintiff. He was the one who typed the agreement and he was the one who was to remove the equipment from the defendant’s printing shop.
The plaintiff contends that the above agreement should be interpreted to mean that the balance of $10,000 was to be paid at any time during the next 30 days and that concurrently with the payment of the balance the defendant was legally bound to deliver the equipment.
We do not agree. The natural meaning of the words is otherwise. In thirty days means the same as thirty days after date. If the parties had intended to make an agree-' ment as contended by the plaintiff it would have been easy to provide for payment of the balance “in or within 30 days. ’ ’ They did not do so.
If there can be any doubt as to the meaning it is removed by a talk which took place at the time relative to the defendant completing the printing of a book of poems. *33 Out of the mouth of the plaintiff himself we have the following testimony, “the defendant told me it was important to have the shop for thirty days to complete the printing of a book of poems in which he was then engaged.” We have a right to consider the circumstances surrounding the malcing of the written agreement. Moss v. Old Colony Trust Co., 246 Mass. 139, 155.
In view of the above we find that the defendant was bound to deliver the printing material thirty days from the date of the execution of the written agreement, namely on May 1, 1948, and not before. This suit was prematurely begun. The finding of the trial judge that “the plaintiff told the defendant that he could finish printing his book even though his men might be cleaning up and dismantling the place” cannot prevent this conclusion. At most this was a mere suggestion made by the plaintiff to the defendant. There is no finding that the defendant accepted the suggestion and said in any form of words that it would not be necessary for him to have the" shop for thirty days to complete the printing of his poems.
The trial court erred in allowing plaintiff’s request No. 1 and in denying defendant’s request Nos. 1 and 2. These errors were prejudicial.
The Order must be: Finding for the plaintiff vacated. Finding to be entered for the defendant.