HLM REALTY CORP.
vs.
James B. MORREALE

No. 8726

U.S. District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

February 16, 1983

Frank R. Sherman, Esq., counsel for Plaintiff.
Daniel Briansky, Esq., counsel for Defendant.


## OPINION

Forte, J. This cause is before the Appellate Division on two questions reported by the judge who assessed damages. A different judge granted the plaintiff summary judgment on the issue of liability. The two reported questions announced before the assessment, but reported after assessment, are as follows:

"1. Is the plaintiff limited to recovery only for such installments of rent as have become due at the time of the commencement of this action?

"2. Is the plaintiff entitled to recovery for rent due for the period December 1, 1979 through December 31, 1980 when plaintiff never executed a new lease nor a

formal extension wtih the defendant for that period?"

To place the questions in their proper context, the allegations and reported facts are as follows:

The plaintiff as landlord leased to the defendant as tenant office space for the period December 1, 1975 through November 30, 1979 for a yearly rent of $5,820.00 payable in equal monthly installments of $485.00 on the first of each month; there was no acceleration clause calling for the balance of the yearly rent in the event of a default in the monthly rent. The lease gave the tenant an option to renew the lease for four consecutive five-year terms upon fair and reasonable rent, the option was required to be exercised in writing ninety (90) days prior to the end of each term. In the event the parties could not agree on a reasonable rent prior to thirty (30) days before the expiration of each term, an arbitration procedure was called for. On July 2, 1979 the defendant wrote the landlord exercising the tenant's option to renew the lease to be effective December 1, 1979 for five years ending November 30, 1984.

The defendant vacated the premises on or about September 1, 1979 having paid the monthly rent through August 31, 1979. The plaintiff never executed a new lease or any extension with the defendant after receipt of the defendant's letter of July 2, 1979. There is no allegation that the parties either agreed upon a new rent or that any of the parties designated a realtor as an arbitrator according to the arbitration procedure contained in the lease.

On January 18, 1980 a motion to amend the complaint was allowed adding counts four and five to the original complaint.

The plaintiff had sold the building as of December, 1980 to a third person.

Count 1 of the complaint seeks payment of the September, 1979, October, 1979 and the November, 1979 monthly rents pursuant to the lease; Count 2 seeks money for increased taxes due May 1, 1979; Count 3 seeks money due to a tax escalation clause for the period July 1, 1979 through June, 1985; Count 4 is for damages alleging a conversion on or about September 1, 1979; and

Count 5 is on a Superior Court Department judgment entered January 4, 1980.

Although the amendment added two counts to the complaint and was allowed on January 18, 1980, the amendments relate back to the original pleading filed on October 11, 1979. Dist./Mun. Cts. R. Civ. P. 15(g); **McSorley v. Town of Hancock,** Mass. App. Ct. Adv. Sh. (1981) 601. Further, an amendment could not be allowed which attempted to introduce a cause of action that did not exist when the original action was brought. **Sharpe v. M.T.A.,** 327 Mass. 171 (1951).

Even though the lease states an annual rent, it specifies that rent is due in monthly installments on the first of each month. There being no acceleration clause in the lease, as of the filing of the complaint on October 11, 1979, the only alleged rents overdue were the September 1, 1979 and October 1, 1979 monthly installments.

Any claim for rents or other payments that were not due and payable by October 11, 1979 relies upon an anticipatory breach for which recovery would be denied. **Petrangelo v. Pollard,** 356 Mass. 696, 702 (1970); **Tirrell v. Anderson,** 244 Mass. 200 (1923); **Daniels v. Newton,** 114 Mass. 530 (1874).

Massachusetts does not recognize a cause of action based upon an anticipatory breach. See Norman R. Prance, "Anticipatory Repudiation of Contracts: A Massachusetts Anomaly," 67 Mass. Law Review 30 (1982).

The answer to the first reported question is yes; and to the second is no.

In view of the answers, there is no need to discuss the issue of whether there was a lease beyond November 30, 1979.

Because the judge assessed damages for cause of action that did not exist as of October 11, 1979, the assessment is vacated and the action is returned to the Waltham

Division for an assessment in accord with this opinion.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**H. Lawrence Jodrey, J.**