LoConto, P.J.
The tenant, Corfu, Inc. (“Corfu”), appeals from the trial judge’s decision in favor of the landlord, Norwottuck Inn Holding Co., L.L.C. (“Norwot-tuck”), awarding damages for Corfu’s breach of the lease, attorney’s fees and costs. Corfu’s Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal challenges the correctness of the trial judge’s denial of a request for ruling of law and his disposition of certain motions filed pursuant to Mass. R. Civ. R, Rule 15.
On October 18, 2000, the parties entered into a five-year commercial lease. Corfu operated a bar and a restaurant on the premises. In 2003, Corfu attempted to sell its businesses to a Daniel Warner (“Warner”). Warner would only finalize the arrangement if he could negotiate a new lease with Norwottuck, which he was unable to do. An amended agreement between Corfu and Warner contemplated the sale of Corfu’s assets, excluding the liquor license, to Warner. Subsequently, and without justification, Corfu breached its obligations under the lease. Norwot-tuck commenced this action on April 25, 2003 to recover rents in arrears, unpaid water and sewer charges and attorney’s fees. A preliminary injunction, bulk attachment and trustee process attachment were allowed, which affected Corfu’s ability to transfer any property. On or about June 19,2003, the parties entered into a Stipulation and Order to resolve conditions created by the allowance of the injunction and attachments. By the terms of the Stipulation, which required the delivery of funds to Norwottuck, the preliminary injunction was terminated to permit the transfer of Corfu’s business assets to Warner. Additional funds, held in escrow, were used to pay Norwottuck for use and occupancy of the premises. The Stipulation was vacated upon motion of the parties when they were unable to reach a settlement, and the matter proceeded to trial.[1]
After trial, the judge entered judgment for Norwottuck for rent from August, 2003 to April, 2004, water and sewer charges, and attorney’s fees. Corfu alleges error in the trial judge’s 0) denial of a request for a ruling of law, which stated: “Absent an amendment of the complaint, a landlord cannot maintain an action for rent or other payments that accrue after the filing of the action. HLM Realty Corp. v. Morreale, 1983 Mass. App. Div. 79, 80,” (2) allowance of a “Motion to Amend Judgment,” and (3) allowance of a “Motion to Amend the Pleadings to Conform with the Evidence.”
*84 Considered on the basis of the relief requested rather than the title of the motion, Honer v. Wisniewski, 48 Mass. App. Ct. 291, 294 (1999), we view Norwottuck’s “Motion to Amend Pleadings to Conform with the Evidence" as a motion for permission to file supplemental pleadings under Mass. R. Civ. E, Rule 15(d). Filed during the trial, but not allowed until after the entry of judgment and the filing of an appeal,[2] the motion requested that the complaint be supplemented by adding to Counts I and II (1) damages for breach of the lease and/or market rate payments for use and occupancy; (2) additional damages for moneys due and owing subsequent to the filing of the complaint; and (3) damages for breach of the parties’ Stipulation and Order filed subsequent to the commencement of the action, which was viewed as a contract. There is no indication in the record that Corfu objected at trial to the evidence supporting the relief sought by Norwottuck’s motion. Corfu claims error in the failure of the motion to satisfy Rule 105 of the District/Municipal Courts Supplemental Rules of Civil Procedure and in the deficiencies of the motion itself.
Rule 15(d) permitting a supplemental pleading liberalized Massachusetts practice which had prohibited an amendment to sustain a new cause of action. Sharpe v. Metropolitan Transit Auth., 327 Mass. 171, 174 (1951). ‘The purpose of a supplemental pleading is to bring a controversy up to date to introduce newly-occurring facts enlarging or changing the relief sought in the original complaint.” MASSACHUSETTS Practice and Pleadings, Vol. 3, §15.31. Permitting a party to serve a supplemental pleading, whether stating a claim or defense, is within the discretion of the court, as is the stage of the case at which said amendment, may be filed. Security Ins. Co. of New Haven v. United States ex. rel. Haydis, 338 F.2d 444, 447 (9th Cir. 1964). In this case, although entitled “Motion to Amend Pleadings to Conform with the Evidence,” the relief clearly requested in the body of the motion is the supplementation of the demand originally made in the complaint; therefore, we treat it as a motion to file a supplemental pleading pursuant to Rule 15(d). The motion seeks damages for rent and other payments that came due after the complaint was filed, as well as damages that were not resolved by the Stipulation and Order entered into post-complaint. Norwottuck’s failure, if any, to have attached the proposed amendment to the motion in compliance with Dist./Mun. Cts. Supp. R. Civ. R, Rule 105, is not fatal because the motion clearly indicates the supplement to the pleading sought by Norwottuck. During trial, the parties introduced evidence of potential damages sought by Norwottuck occurring after the filing of the complaint, and filed the Stipulation after the commencement of the action which was premised on activity taking place subsequent to the filing of the original complaint. Corfu cannot demonstrate any prejudice as a result of the motion’s allowance, and acknowledges in its brief that a Rule 15(d) motion is the proper request for relief under these circumstances. The case was tried as if the relief sought by the amendment was originally prayed for by Norwottuck. There was no abuse of discretion committed by the trial judge in the allowance of the motion by Norwottuck to serve a supplemental pleading.
Although the latter question is dispositive of Corfu’s appeal, we briefly address the remaining issues. The error, if any, in the court’s denial of the request for ruling that “absent an amendment of the complaint, a landlord cannot maintain an action for rent or other payments that accrue after the date of filing of the action, HLM Realty Corp. v. Morreale, 1983 Mass. App. Div. 79, 80” is harmless in light of the court’s subsequent allowance of the motion that in fact amended Norwottuck’s complaint. The evidence presented at trial and the Stipulation of the parties made it perfectly clear that the cause of action consisted of unpaid rent and unpaid water *85 and sewer costs incurred after the filing of the original complaint. Although not acted on until after the trial, the motion to amend the complaint was filed on the trial date and obviously prior to the court's response to the request for ruling. The court’s finding and subsequent ruling on the motion to amend plainly demonstrates that the outcome would not have been different had the court allowed the request. As a result, no prejudicial error occurred. Corfu also claims to be aggrieved by the trial judge’s allowance of a Motion to Amend Judgment on the ground that the amendment was incorrect under Mass. R. Civ. E, Rule 54(a), which provides that “a judgment shall not contain a recital of pleadings, the report of a master or the record of prior proceedings.” Norwottuck’s purpose in filing said motion was to seek confirmation of the procedural effect of an allowance of a motion to amend the complaint. Any error in the allowance of the motion to amend judgment was harmless.
Accordingly, we affirm the trial court’s rulings and judgment. The defendant’s appeal is dismissed.
So ordered.

 On January 9, 2004, the Stipulation was vacated as a court order, but survived as an independent contract between the parties, the resolution of which took place at trial.

 By agreement of the parties, an initial appeal to the Appellate Division was withdrawn and this appeal followed the allowance of the motion.